■ The People of the State of New York ex rel. Walter Sloan, Respondent, v New York State Board of Parole et al., Appellants. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), dated December 9, 1981, which sustained the writ of habeas corpus, vacated and dismissed the parole violation detainer warrant, annulled the declaration of delinquency and directed that petitioner be released from custody, unless he was subject to another commitment or warrant. Judgment reversed, on the law, without costs or disbursements, the petition is dismissed and the detainer warrant and declaration of delinquency are reinstated. If the petitioner has been released, he is directed to surrender himself to the Superintendent of the Ossining Correctional Facility. Petitioner waived a preliminary hearing on parole revocation charges on August 13, 1981. On October 2, 1981 counsel for the petitioner filed a notice of appearance with the Division of Parole and on October 19, 1981 counsel was advised that a final revocation hearing was scheduled for November 9, 1981, within the statutorily prescribed 90-day period (see Executive Law, § 259-i, subd 3, par [f], cl [i]). On October 30, 1981, because of a scheduling conflict, petitioner's attorney requested an adjournment of the final hearing from November 9, 1981 to November 18, 1981, a date beyond the 90-day period. In response to counsel's request for a postponement, the Division of Parole rescheduled the final hearing to November 30, 1981, the first available date, and properly charged the delay to the petitioner. (See 9 NYCRR 8005.17 [c] [3].) Thus, the record indicates that there was no violation of the petitioner's right to a speedy hearing. (See, e.g., *People ex rel. Kitt v Dalsheim,* 67 AD2d 934; *People ex rel. Miranda v Dalsheim,* 70 AD2d 941.) Gibbons, J. P., Weinstein, O'Connor and Boyers, JJ., concur.