■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT CITRO, Respondent, v JAMES SULLIVAN, as Superintendent of Sing Sing Correctional Facility, Appellant

The petitioner's final parole revocation hearing was scheduled for 9:30 A.M. on September 25, 1985, a date within the statutorily prescribed 90-day period *(see,* Executive Law § 259-i [3] [f] [i]). Due to a scheduling conflict, the petitioner's attorney failed to appear and did not make, prior to the scheduled hearing, an application to the hearing coordinator in the local area office which scheduled the hearing, to postpone the final hearing until the afternoon to enable her to attend the hearing, in accordance with the rules and regulations of the Division of Parole *(see,* 9 NYCRR 8005.17 [c] [1], [2]). After waiting a reasonable length of time for counsel to appear or explain her delay in appearance, the Hearing Officer adjourned the final hearing at 11:50 A.M. and rescheduled it for October 9, 1985.

There is nothing in the record to infer that the adjournment was for a purpose other than to afford the petitioner an opportunity to exercise his statutory right to counsel at the final parole revocation hearing *(see, People ex rel. Sincento v New York State Bd. of Parole,* 78 AD2d 574). Under the circumstances, counsel's failure to appear for petitioner's final hearing on September 25, 1985, and any delay attributable to postponing the hearing until, and including, the first *available* hearing date is chargeable to the petitioner *(see,* 9 NYCRR 8005.17 [c] [3]; *People ex rel. Sloan v New York State Bd. of*

*Parole,* 88 AD2d 666; *cf. People ex rel. Wims v Sullivan,* Sup Ct, Westchester County, Jan. 15, 1985, Martin, J.).

Nevertheless, "[i]n light of the manifest statutory purpose to require [final parole revocation] hearings to be conducted promptly, it is clearly imperative that the Board of Parole act energetically and scrupulously in such circumstances to insure that the hearing not be delayed for more than the time reasonably necessary to insure the alleged violator's right to be present and to participate" with the assistance of counsel *(People ex rel. Burley v Warden,* 70 AD2d 518, 518-519). Here, the record discloses that the Division of Parole's calendar for revocation hearings was not completely booked for either October 2 or October 9. In the absence of a sufficient explanation for why the petitioner's hearing could not have been rescheduled for October 2, we find that October 2 was the first available hearing date. Consequently, the period between October 3 and October 9 should be charged against the Division of Parole. In view of the fact that 86 days were chargeable to the Division of Parole as of September 25 and seven days encompassing October 3 through October 9 are also chargeable to the Division, the petitioner was not afforded a timely final parole revocation hearing. Accordingly, the judgment is affirmed. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.