■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RENIA ALLISON, Appellant, v EUGENE LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered June 16, 1986 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

On this appeal from the *sua sponte* denial of a habeas corpus petition, respondent candidly admits that there must be a reversal. In his petition, petitioner contended, *inter alia,* that his final parole revocation hearing did not occur within 90 days of the probable cause determination following his preliminary hearing as required by Executive Law § 259-i (3) (f) (i). Supreme Court's denial of the petition was upon the ground that petitioner had not exhausted his administrative remedies prior to seeking judicial aid. However, the Court of Appeals has recently held that judicial review is not precluded prior to the exhaustion of the administrative appeal process when a petitioner claims that he was denied a prompt revocation hearing *(People ex rel. Robertson v New York State Div. of Parole,* 67 NY2d 197). Accordingly, the judgment denying petitioner's application must be reversed.

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for consideration of petitioner's application. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.