*395 OPINION OF THE COURT
Simons, J.
Pursuant to statutory mandate, a parolee is entitled to a final parole revocation hearing within 90 days of the determination finding that probable cause exists for the revocation of parole (Executive Law § 259-i [3] [f] [i]). The statute provides three exceptions to the 90-day rule. If an alleged violator requests and receives a postponement of the hearing, consents to a postponement initiated by the Parole Board, or "by his actions otherwise precludes the prompt conduct of such proceedings,” failure to hold the hearing within the 90-day period will be excused. These two habeas corpus proceedings present situations in which the relator or his counsel was unavailable and the issue is whether the failure of the Division of Parole to hold relators’ final revocation hearings within the 90-day period can be excused because they were.
I
A
In the first case relator was unavailable because he had a conflicting court appearance.
In April 1985, relator Robert Brown was released from prison on parole. On November 19, 1985 he was returned to jail after being arrested for additional crimes committed while on parole. A parole violation warrant was lodged against him on the same day charging that he had failed to make a scheduled office report as required by his parole officer. A *396 preliminary parole revocation hearing was held, probable cause found and a final hearing was scheduled for February 4, 1986. At the request of the Division of Parole, however, the final hearing was rescheduled to February 13, 1986. Relator’s parole officer did not appear on that date causing a further adjournment. During the course of the discussions concerning an acceptable adjourned date, relator informed the Administrative Law Judge that he was scheduled for a court appearance on February 25, 1986. The final parole hearing was originally rescheduled for March 6, 1986, but after realizing that the 90-day period would expire on February 26, 1986, the Division of Parole rescheduled the hearing for February 24, the 88th day after the date on which the probable cause finding was made. Relator did not appear for the hearing on February 24, 1986, however, and the hearing was adjourned until March 17, 1986.
Relator failed to appear on the 24th because he was taken by New York City correction officials to a court appearance for arraignment on the new charges. It is undisputed that neither relator nor his attorney had advance notice of the arraignment and relator’s allegation that he asked the correction officers, both before and after the court appearance, to take him to his parole revocation hearing was not rebutted by respondents.
Relator’s final revocation hearing was held on March 17, 1986, 108 days after the determination of probable cause. At that time he moved to dismiss the charge on the ground that the hearing was untimely. The Hearing Officer eventually denied his motion to dismiss, finding that relator’s appearance on February 24, 1986 in New York Supreme Court, instead of attending the final revocation hearing, "must be seen as a choice” for which the Division of Parole should not be penalized. Relator instituted this habeas corpus proceeding, seeking vacatur of the parole warrant on the ground that the final revocation hearing was untimely. Supreme Court dismissed the petition and the Appellate Division affirmed. We granted leave to appeal.
B
In the Citro case, relator’s hearing was adjourned because his attorney failed to appear.
On May 31, 1983 relator Albert Citro was released from prison on parole. He was subsequently charged with a viola *397 tion of parole and returned to prison. A preliminary hearing was held on July 1, 1985, probable cause found and a final revocation hearing scheduled for August 13, 1985. Sometime prior to this date, however, Citro was transferred from Queensboro Correctional Facility to Sing Sing Correctional Facility. Accordingly, the final hearing was rescheduled to be held at Sing Sing at 9:30 a.m. on September 25, 1985 — 86 days after the determination finding probable cause.
Relator’s counsel did not appear at Sing Sing on the morning of September 25, 1985 and the hearing was adjourned until October 9, 1985. October 2 was an available, regularly scheduled date for parole revocation hearings but relator’s counsel was not informed, prior to October 2, that the hearing had been rescheduled for October 9. At the October 9 hearing, relator argued that parole must be restored because the Division had not held a timely revocation hearing. Counsel excused her absence at the September hearing claiming that she had called Sing Sing on the morning of the 25th and informed relator’s parole officer of the conflict. She made no written or oral application to the hearing coordinator in the local area office to move the hearing to the afternoon. The motion to dismiss the charge was denied, relator was found to have violated the conditions of his parole and parole was revoked.
Relator instituted this habeas corpus proceeding, contending that the adjournment of the revocation hearing from September 25, 1985 to October 9, 1985 should be chargeable to the Division of Parole and, therefore, the October 9, 1985 hearing was untimely. Special Term granted the writ and restored relator to parole, reasoning that all 14 days of adjournment between September 25 and October 9 were chargeable to the Division of Parole because the Division failed to comply with its "responsibility to schedule revocation hearings in such a way to give a reasonable expectation that they will be held within the prescribed ninety (90) days.” The Appellate Division affirmed, but on different grounds. It concluded the period between September 25, 1985 and October 2, 1985 should be chargeable to the parolee because his lawyer failed to comply with the regulations requiring a written request for an adjournment (9 NYCRR 8005.17 [c] [1], [2]). The court held, however, that the seven days between October 3 and October 9 should be chargeable to the Division, because the Division failed to demonstrate that it acted " 'energetically and scrupulously’ ” to ensure that a hearing is not delayed for a *398 period longer than necessary to assure an alleged parole violator his statutorily entitled right to counsel (124 AD2d 765, 766, quoting People ex rel. Burley v Warden, 70 AD2d 518, 518-519, lv denied 48 NY2d 602). We granted respondent leave to appeal.
II
Preliminarily, we note that in People ex rel. Brown v New York State Div. of Parole relator, in addition to being held on the parole violation, is being held on unrelated pending criminal charges. Because success on the merits in this proceeding would not entitle him to immediate release from custody, the remedy of habeas corpus is unavailable (People ex rel. Maiello v New York State Bd. of Parole, 101 AD2d 569, 573, affd 65 NY2d 145). However, appellate courts are empowered to convert a civil proceeding into one which is proper in form under CPLR 103 (c), making whatever order is necessary for its proper prosecution (Matter of Fritz v Huntington Hosp., 39 NY2d 339, 347). Thus, we convert this proceeding to one brought pursuant to CPLR article 78, observing that the proceeding was brought well within the four-month Statute of Limitations of CPLR 217 (compare, Matter of Soto v New York State Bd. of Parole, 107 AD2d 693, affd for reasons stated in App Div mem 66 NY2d 807 [habeas corpus petition brought after four-month period requires dismissal of petition], with Matter of Piersma v Henderson, 60 AD2d 1001, affd 44 NY2d 982 [habeas corpus brought within four-month period; proceeding is converted to an article 78 proceeding and court reaches the merits]).
Turning to the merits, there is no dispute that relator was not afforded a final revocation hearing within 90 days of the probable cause determination. Moreover, respondents concede that the delay between February 24 and March 17 cannot be chargeable to him pursuant to any of the statutory exceptions. Respondents contend, however, that the Division should be excused for failing to afford relator a revocation hearing within the 90-day period because he was not subject to its "convenience and practical control” (see, People ex rel. Gonzales v Dalsheim, 52 NY2d 9, 12). The burden of proving that the parolee is not subject to the practical control of the Division rests with the Division (id., at 14, n 1) and respondents have failed to satisfy that burden in the present case.
A parolee is in a place "subject to the convenience and *399 practical control” of the Division of Parole when he is in the custody of a correctional facility as an inmate with which the Parole Board has parole jurisdiction (Matter of Beattie v New York State Bd. of Parole, 39 NY2d 445, 447). It is legally irrelevant that the parolee is being detained as a local prisoner rather than as a State prisoner (id.) or that he is being confined in a local correctional facility rather than a State correctional facility (People ex rel. Walsh v Vincent, 40 NY2d 1049; see also, Matter of Byrne v Hammock, 97 AD2d 823; People ex rel. Durham v Flood, 93 AD2d 847) or even that the parolee is being detained in a sister State’s prison, provided that the detaining State has demonstrated a willingness to cooperate with New York authorities on parole-related matters (People ex rel. Horan v New York State Div. of Parole, 59 NY2d 809; People ex rel. Gonzales v Dalsheim, 52 NY2d 9, 14-15, supra). Relator was subject to the convenience and control of the Division here because he was within a facility that was amenable to its jurisdiction. The responsibility rested on the Division to arrange the hearing earlier enough within the 90-day period to accommodate necessary future adjournments or to coordinate their hearings with the demands of the criminal courts.
There may be rare cases in which the failure of the Division of Parole to hold a revocation hearing within the 90-day period due to the parolee’s attendance in court on the scheduled hearing date may be excused. Parolees should not be able to abuse the statutory framework by, for example, intentionally obtaining an adjournment of a court date so that the new date conflicts with a scheduled parole hearing for the sole purpose of ensuring that the parole hearing will not be held within the 90-day period (see, People ex rel. Diamond v Flood, 100 AD2d 604, 605). It cannot be successfully argued, however, that relator abused the system in this case. Prior to the February 24 date the two adjournments of the revocation hearing were requested and obtained by the Division of Parole. Furthermore, there is no dispute that relator did not know on February 13, when the revocation hearing was rescheduled to February 24, or any time thereafter, that he would be required to appear in court on that date. Finally, no explanation has been offered by the Division of Parole for its failure to hold the hearing later on the 24th or at some other time prior to the expiration of the 90-day period.
In sum, respondents have failed to meet their burden of showing that relator’s nonappearance at the February 24 *400 parole revocation hearing was attributable to any of the three exceptions found in Executive Law § 259-i (3) (f) (i) or that relator was otherwise not subject to the practical control of the Division of Parole during the 90-day period. Executive Law § 259-i (3) (f) (i) reflects a legislative judgment that 90 days is sufficient time to overcome unexpected contingencies, such as court appearances, so long as the parolee is subject during that time to the Division’s practical control. The Division is not entitled to an extension based simply on a showing of its lack of fault.
Ill
 In People ex rel. Citro, we concur with the Appellate Division that of the 14 days of delay from September 25 through October 9, only 7 days between October 2 and October 9 should be chargeable to the Division of Parole. The adjournment during the earlier period clearly was for his benefit to permit him to exercise his right to counsel and inasmuch as counsel did not obtain an adjournment in the manner required by 9 NYCRR 8005.17 (c) (1) and (2), she must accept responsibility for the September 25-October 2 delay.* Relator’s counsel claims that she left a message with the parole officer in charge of relator’s case, prior to the September 25 hearing date, informing him that she would not be available on the morning of that date due to her required appearance at another correctional facility. The notice was legally insufficient, however, to put the Division on notice of counsel’s *401 inability to attend the hearing. Indeed, the regulations were undoubtedly enacted for the purpose of precluding reliance on informal and unreliable forms of notice such as the one employed here. We note that the procedure established by 9 NYCRR 8005.17 (c) (2) — an oral request to the hearing coordinator followed by a letter sent to the hearing coordinator and the central office in Albany — is no more burdensome than the procedure employed by relator’s counsel.
We also find no merit in relator’s argument that the period from September 25 through October 2 should be chargeable to the Division of Parole because it did not inform relator at the September 25 hearing of his ability to proceed pro se. The cases upon which the relator relies: People ex rel. Martinez v Walters (99 AD2d 476) and People ex rel. Cleveland v New York State Div. of Parole (110 AD2d 671) are inapposite. They hold only that a parolee, who requests the assistance of counsel prior to the final revocation hearing, may, in the absence of counsel, effectively waive that right on the date of the hearing after being carefully informed of the consequences of the waiver. Although a parolee has a right to proceed pro se at a revocation hearing, failing to volunteer this alternative to a parolee does not result in a delay chargeable to the Division of Parole, when as here, there has been no request by the parolee to proceed pro se.
The Division of Parole relies upon its interpretation of 9 NYCRR 8005.17 (c) (3) in support of the argument that once it is determined that the failure to attend a scheduled hearing is chargeable to the parolee, then the Division has the implied power to set the length of the adjournment as long as it is reasonable. 9 NYCRR 8005.17 (c) (3) provides: "Where a postponement is granted at the request of or agreed to by an alleged violator or his counsel, or where an alleged violator or his attorney, by their actions preclude the prompt conduct of a final revocation hearing, the time in which to hold the hearing shall be extended by the length of the postponement or occasioned delay.”
Notwithstanding this rule, the Division cannot bypass an earlier available date at which a parolee’s counsel is willing and ready to proceed without establishing any justification for doing so.
In this case relator’s counsel appeared at Sing Sing on October 2, 1985, apparently under the impression that relator’s hearing would be held on that date since it was the next *402 regularly scheduled hearing date after September 25. The notice of the rescheduled hearing states that it was not mailed to relator’s counsel until October 2, 1985, thereby giving her no opportunity to take steps to obtain a shorter period of adjournment. On these facts, respondent’s interpretation of the regulation renders meaningless the words "occasioned delay” in the phrase "the hearing shall be extended by the length of the postponement or occasioned delay”, since relator’s counsel’s failure to attend the September 25 hearing caused, at most, a one-week delay.
We therefore hold that when a parolee’s counsel is not given advance notice that the Division of Parole is bypassing the first available hearing date, any delay attributable to postponing the hearing beyond the first available date should be chargeable to the Division of Parole. The addition of the seven days covering the period between October 3, 1985 and October 9, 1985 to the undisputed 86 days chargeable to the Division, covering the period from the probable cause determination through the September 25 hearing date, supports the conclusion that relator was not afforded a timely revocation hearing.
Accordingly, in People ex rel. Brown v New York State Div. of Parole, the habeas corpus proceeding should be converted to an article 78 proceeding, the order of the Appellate Division reversed, the parole violation warrant vacated and the parole violation proceeding dismissed, without costs. In People ex rel. Citro v Sullivan, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
In People ex rel. Brown v New York State Div. of Parole: Habeas corpus proceeding converted to an article 78 proceeding, order reversed, without costs, parole violation warrant vacated and parole violation proceeding dismissed.
In People ex rel. Citro v Sullivan: Order affirmed, without costs.

 9 NYCRR 8005.17 provides in relevant part:
"(c) Postponements and adjournments. (1) Application to postpone a previously scheduled final revocation hearing shall be made to the hearing coordinator at the local area office which scheduled the hearing at least seven days in advance of the scheduled hearing date. An application may be made either by an alleged violator who is not represented by an attorney or by an attorney for the alleged violator or by a representative of the division. The application shall be in writing and shall state the reason for the requested postponement. Such request may be granted for good cause shown.
"(2) Where the application for postponement is not timely made pursuant to paragraph (1) of this subdivision, the request shall be granted only when exceptional circumstances are alleged to exist. The application may be made orally to the hearing coordinator in the local area office, but in such cases the applicant shall, within 10 days following the date of the granting of the request, file with the secretary of the board in Albany and with the hearing coordinator at the local area office a written statement setting forth, in detail, the reasons for the postponement.”