■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. OTIS EVANS, Appellant, v JAMES SULLIVAN, as Superintendent of Sing Sing Correctional Facility, et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered June 10, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The question presented on this appeal is whether the failure of the New York State Board of Parole (hereinafter the Board of Parole) to conduct the petitioner's final parole revocation hearing within the 90-day period following the probable cause determination, as prescribed by statute (Executive Law § 259-i [3] [f] [i]), is excusable. The determinative period for purposes

of resolving this question is from April 15, 1987, the adjourned date requested by the petitioner's counsel for the conduct of the final hearing, and May 6, 1987, the date when the final hearing was actually held. The Supreme Court ruled that this 21-day period was not chargeable to the Board of Parole because on April 15, 1987, the petitioner was in Buffalo for sentencing on another case and the parole officer was scheduled for a hearing in Buffalo on that same date. We concur with the Supreme Court's determination.

On January 13, 1987, the petitioner was taken into custody upon the execution of a warrant and he was served with notice of the parole violation charges. That same date the petitioner waived his right to a preliminary hearing and, thus, the statutory 90-day period commenced. The final parole hearing was originally scheduled for February 25, 1987, adjourned to March 11, 1987, and adjourned again to April 1, 1987. In their answer, the respondents conceded their responsibility for the period from January 13, 1987 up to April 1, 1987. Therefore, the respondents' claim, raised for the first time on appeal, that the period from March 11, 1987 to April 1, 1987 is chargeable to the petitioner is not properly before us.

On the April 1, 1987 date for the final hearing scheduled to be held at Sing Sing Correctional Facility the petitioner's counsel did not appear due to her involvement in arbitrations in the County Court, Westchester County. Substitute counsel appeared and requested an adjournment to April 15, 1987. However, the hearing was rescheduled for May 6, 1987, 113 days after the determination of probable cause, apparently because the petitioner was scheduled for sentencing in another case in Erie County on April 9, 1987, and the petitioner's parole officer was obligated to appear at a hearing in Buffalo on April 15, 1987. The petitioner was detained in the Erie County jail from April 7, 1987 to April 20, 1987.

The petitioner concedes that he is properly charged with the period from April 1, 1987 to April 15, 1987. He argues, however, that the 21-day period from April 15, 1987 to May 6, 1987 was chargeable to the Board of Parole because while he was held in the Erie County jail he was subject to the " 'convenience and practical control' " of the Board of Parole (People ex rel. Walsh v Vincent, 40 NY2d 1049, 1050, quoting from Matter of Beattie v New York State Bd. of Parole, 39 NY2d 445, 447). Since the parole officer was scheduled to be in Buffalo for a hearing on April 15, the petitioner contends that the final hearing should have been held in Buffalo.

Although the petitioner may be said to have been subject to the convenience and practical control of the Board of Parole while he was being detained in the Erie County jail, a local facility (see, People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 399), the delay in conducting the final revocation hearing was excusable. On April 1, 1987, the matter was adjourned at the request of and for the benefit of the petitioner for the second time to ensure him the right to counsel at the hearing (see, People ex rel. Citro v Sullivan, 70 NY2d 391, 400). In People ex rel. Citro v Sullivan (supra, at 401), upon which the respondents place considerable reliance, the Court of Appeals held that the parole authorities cannot bypass an earlier available hearing date at which the parolee's counsel is ready and willing to proceed unless some justification is proffered for doing so. Furthermore, if the parolee's counsel is not given advance notice that the Board of Parole is bypassing an earlier date, any time following the first available date is chargeable to the Board of Parole. At bar, the petitioner's counsel was given advance notice of the adjourned date. We further conclude that the petitioner's location several hundred miles from the scheduled hearing site and the parole officer's unavailability provided a sufficient basis for excusing strict compliance with the 90-day rule. The petitioner's counsel never requested a hearing at the local facility in Buffalo. The difficulties entailed in rescheduling the hearing to be held in Buffalo together with the additional time and expense for assigned counsel in appearing at a hearing in Buffalo constitute a sufficient basis for excusing the Board of Parole's failure to conduct a final parole revocation hearing within the statutory 90-day period. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.