■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT MADISON, Appellant, v JAMES SULLIVAN et al., Respondents.— In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered June 10, 1987, which, after a hearing, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Upon our review of the record, we find that the failure of the New York State Board of Parole to conduct the petitioner's final parole revocation hearing within the statutory 90-day period (Executive Law § 259-i [3] [f] [i]) was justified. At the request of the petitioner's assigned counsel the final hearing, which was scheduled to be held at Sing Sing Correctional Facility, was adjourned from April 15, 1987 to April 22, 1987. By court order the petitioner was transferred on April 20, 1987 to the Erie County Jail to face pending criminal charges. He was returned to Sing Sing on May 4, 1987, and a final hearing was scheduled for May 6, 1987. The petitioner argues on appeal that the 14-day period from April 22, 1987 to May 6, 1987, is chargeable to the New York State Board of Parole, which, when added to the 82-day period, for which the Board concedes responsibility, exceeds the 90-day statutory period for the conduct of final hearings. We disagree. Neither the petitioner nor his assigned counsel requested a local revocation hearing (see, Executive Law § 259-i [3] [e] [ii]). The petitioner was also not available on the scheduled hearing date. While the petitioner may be said to have been within the convenience and practical control of the Board of Parole while he was being detained in the Erie County Jail (see, *People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 399), the administrative difficulties involved in rescheduling the hearing hundreds of miles from the original site during such a brief period of detainer in Erie County, particularly in the absence of a specific request from the petitioner or his counsel for a local revocation hearing, provides sufficient justification for the Board's failure to conduct a hearing within the statutory 90-day period (cf., *People ex rel. Citro v Sullivan,* 70 NY2d 391, 400; *People ex rel. Evans v Sullivan,* 141 AD2d 884; *People ex rel. Durham v Flood,* 93 AD2d 847). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.