■ In the Matter of LARRY OQUENDO, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Respondent.—Judgment unanimously reversed on the law and petition granted. Memorandum: On January 7, 1981, petitioner was released on parole from prison. He was subsequently charged with a violation of parole. March 10, 1982, a preliminary parole revocation hearing was held, probable cause was found and a final revocation hearing was scheduled for June 8, 1982. The final hearing was not held, however, until January 19, 1984.

Executive Law § 259-i (3) (f) (i) provides: "Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination. However, if an alleged violator requests and receives any postponement of his revocation

hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceedings, the time limit may be extended."

Initially, we note that the final hearing was first scheduled for the 90th day following the probable cause determination. The Court of Appeals has made it clear that this is a dangerous practice and that the final hearing should be arranged "earlier enough within the 90-day period to accommodate necessary future adjournments" *(People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 399).

It is respondent's burden to show that delay beyond the statutory 90-day period is attributable to one of the three exceptions found in Executive Law § 259-i (3) (f) (i) or that the parolee was not subject to the Division's practical control within the 90-day period *(see, People ex rel. Brown v New York State Div. of Parole, supra,* at 399-400). Petitioner acknowledges that the time between June 8, 1982 and June 6, 1983, the date on which he was sentenced for a crime committed while he was on parole, is chargeable to him. The record shows, however, that the final hearing was adjourned on June 15, 1983 and again on August 9, 1983 because petitioner had been transferred to another correctional facility and could not appear. The delay occasioned by these adjournments must be charged to the Division. Petitioner was continuously in custody in this State and he was at all times subject to the Division's practical control *(see, People ex rel. Brown v New York State Div. of Parole, supra,* at 399-400). Respondents have not shown that petitioner requested or consented to the adjournments, or that he otherwise precluded conducting the hearing on those dates. Since the revocation hearing was not timely held, the parole violation warrant must be vacated, and the parole violation proceeding must be dismissed. (Appeal from judgment of Supreme Court, Wyoming County, Morton, J.—art 78.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.