■ In the Matter of JOSEPH WILLIAMS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—In a habeas corpus proceeding, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered December 3, 1987, as, upon reargument, adhered to the original determination in a judgment of the same court, dated February 5, 1987, which dismissed the proceeding.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

After a preliminary hearing on July 28, 1983, probable cause was found to believe that the petitioner had violated the conditions of his parole. Despite this finding, on August 16, 1983, the County Court released the petitioner on his own recognizance. Thereafter, the petitioner failed to keep an appointment with his parole officer that was scheduled for August 25, 1983. He also failed to appear at a final parole revocation hearing scheduled for September 28, 1983, which had been adjourned on September 7, 1983, at his request. The respondent deemed him an absconder and a warrant was issued for his arrest.

Thereafter, on September 15, 1984, the petitioner was arrested on the parole warrant in California. After the petitioner refused to waive extradition, this State on December 6, 1984, issued an extradition warrant requesting that the petitioner be returned to New York, which request was granted by the State of California on December 28, 1984.

The petitioner argues on appeal that the respondent violated the 90-day statutory time limit of Executive Law § 259-i (3) (f) (i). In support of this assertion, he contends that, in addition to 87 days which both sides acknowledge is chargeable to the respondent, the respondent should have been charged with (1) the time period between August 16, 1983 and September 7, 1983, and (2) the time period between October 3, 1984 and December 28, 1984. We disagree.

As to the first time period, after the petitioner absconded he certainly was not within the convenience and practical control of the respondent (see, Executive Law § 259-i [3] [f] [i]; *People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391). As to the second time period, the petitioner similarly was not within the convenience and practical control of the respondent

as it was not until December 28, 1984, that the State of California acceded to New York State's request to return the petitioner to New York *(see,* Executive Law § 259-i [3] [f] [i]; *People ex rel. Madison v Sullivan,* 142 AD2d 621; *People ex rel. Evans v Sullivan,* 141 AD2d 884). Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.