■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN BUSH, Appellant, v WALTER STENZEL, as Warden of the Nassau County Correctional Center, et al., Respondents. [600 NYS2d 119] —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Nassau County (Christ, J.), entered February 7, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

A final parole revocation hearing must be conducted within 90 days after a finding of probable cause unless the parolee requests or consents to an adjournment or otherwise causes or is responsible for extending the time (see, Executive Law § 259-i). The appellant contends that the parole warrant should have been vacated because the Division of Parole failed to conduct the final parole revocation hearing within 90 days. The parole revocation hearing was scheduled for October 11, 1990, 37 days after a probable cause determination, but was adjourned on consent an additional 56 days to December 6, 1990, the first 9 days of which was to provide the appellant's counsel with the 14-day prior notice mandated by Executive Law § 259-i (3) (f) (iii) and the remaining 47 days to give the appellant's counsel an opportunity to make a motion to be

relieved and for substitution of counsel. The appellant's assertions as to his counsel's lack of authority to consent to the adjournment are not preserved for appellate review, and, in any event, are without merit. This Court, when presented with a similar issue in *People ex rel. Evans v Sullivan* (141 AD2d 884), held that an adjournment requested by the appellant's attorney was excludable time. While the appellant is unquestionably entitled to notice 14 days prior to the final parole revocation hearing, after he was assigned a new attorney in November 1990, he was not entitled to 14 days additional notice of the adjourned date *(see, People ex rel. Medina v Superintendent,* 101 AD2d 871). The appellant's remaining contentions have been considered and are without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.