■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. OSCAR BURTON, Appellant, v RAUL RUSSI et al., Respondents. [606 NYS2d 31] —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated June 2, 1993, which, after a hearing, dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or disbursements.

As the petitioner has now been released from custody, he is not entitled to a writ of habeas corpus, and his appeal must be dismissed *(see, People ex rel. Dennard v Meloni,* 74 NY2d 916).

In any event, we note that the petitioner's contentions on appeal are without merit. The record establishes that he was not denied the right to a speedy parole revocation hearing *(see,* Executive Law § 259-i [3] [f]). On February 27, 1993, the petitioner waived a preliminary probable cause hearing, and a final revocation hearing was scheduled for April 5, 1993. By a letter dated March 30, 1993, the petitioner's attorney requested an adjournment "to the next available Tuesday." The Division of Parole then adjourned the hearing until June 15, 1993, which it contends was the next available Tuesday. The record establishes that the petitioner's attorney was notified of the adjournment date by a letter dated April 2, 1993. Therefore, he had ample opportunity to request a shorter adjournment. As the adjournment was requested by the petitioner, and the hearing was adjourned to the next available date, the delay beyond the statutory 90-day period is chargeable to the petitioner *(see, People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391; *People ex rel. Evans v Sullivan,* 141 AD2d 884; *People ex rel. Sloan v New York State Bd. of Parole,* 88 AD2d 666). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.