■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEXTER WASHINGTON, Appellant, v FRANK E. IRVIN, as Superintendent of Wende Correctional Facility, et al., Respondents. [607 NYS2d 804] —Judgment unanimously affirmed. Memorandum: Relator contends that he was not given written notice, within three days of service of the parole detention warrant, of the time, place and purpose of the preliminary parole revocation hearing, as required by Executive Law § 259-i (3) (c) (iii). Because relator was served with the parole detention warrant on Friday, July 20, 1990, service upon him of written notice concerning the preliminary hearing on Monday, July 23, 1990 was timely *(see, People ex rel. Frost v Meloni,* 124 AD2d 1032, *lv denied* 69 NY2d 606).

Relator further contends, based on *People ex rel. Johnson v New York State Bd. of Parole* (180 AD2d 914), that he should be restored to parole supervision because he was not provided a full board case review of his delinquent time assessment of more than 24 months. We disagree. After the Third Department decision in *People ex rel. Johnson v New York State Bd. of Parole (supra),* respondents filed, as an emergency measure, a regulation providing for full board case review of delinquent time assessments of more than 24 months; that regulation became effective on August 12, 1992 *(see,* 9 NYCRR 8005.21). During the pendency of the proceeding, relator, unlike the petitioner in *Johnson,* properly received a full board case review of the determination to impose a time assessment in excess of 24 months pursuant to that validly adopted regulation.

Because relator is entitled to administrative review of his remaining contentions, habeas corpus review of those contentions in unavailable *(see, Matter of Trimaldi v Superintendent,* 169 AD2d 960; *see also, People ex rel. Woods v McGreevy,* 191 AD2d 938, 941). (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Habeas Corpus.) Present—Callahan, J. P., Green, Balio, Lawton and Boehm, JJ.