■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. AARON TALLEY, Appellant, v EXECUTIVE DEPARTMENT, NEW YORK

STATE DIVISION OF PAROLE, et al., Respondents. [648 NYS2d 746] —Appeal from a judgment of the Supreme Court (Kane, J.), entered February 5, 1996 in Sullivan County, which, *inter alia*, denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Sentenced to an indeterminate prison term of 15 years to life as the result of a conviction for murder in the second degree, petitioner now challenges the Parole Board's determination denying him parole release. As properly recognized by Supreme Court, a habeas corpus proceeding is not the appropriate means for petitioner to challenge the denial of parole since the expectation of immediate release, absent here, is essential for habeas corpus relief (*see, People ex rel. Haderxhanji v New York State Bd. of Parole*, 97 AD2d 368). Accordingly, contrary to petitioner's contentions, Supreme Court did not err in converting his application for a writ of habeas corpus into a CPLR article 78 proceeding (*see, People ex rel. Brown v New York State Div. of Parole*, 70 NY2d 391, 398).

Turning to the merits, we affirm. It is undisputed that petitioner's parole release was denied in large part because of the nature and severity of his underlying crime; notably, his conviction stems from the 1972 execution-style killing of four people and shooting of two others. Because the sentencing court set petitioner's minimum period of imprisonment, however, it was permissible for the Parole Board to take this factor into account in determining whether he should be granted parole release (*see, Matter of Walker v New York State Div. of Parole*, 203 AD2d 757). Notwithstanding the obvious weight the Parole Board assigned to this one factor, we are satisfied upon our review of the record that it took into consideration all other relevant factors and its discretionary release decision was in full accord with all statutory and regulatory requirements. Accordingly, there is no basis to disturb it (*see, supra*).

Casey, J. P., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.