■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THURMON BROOKS, Appellant, v PAUL RUSSI et al., Respondents. [655 NYS2d 65] —In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), entered October 2, 1995, which, upon return of an order to show cause why the petitioner should not be

restored to parole and released from custody, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner commenced this habeas corpus proceeding after the respondent New York State Board of Parole issued a determination revoking his parole. The Supreme Court granted an order to show cause why the petitioner should not be restored to parole in lieu of a writ of habeas corpus. Upon the return of the order to show cause, the court dismissed the proceeding on the ground that because his administrative appeal of the parole revocation determination was still pending, the petitioner had not exhausted his administrative remedies. However, some of the issues raised in the petition were not subject to administrative review (*see,* 9 NYCRR 8003.3), and therefore judicial review of those issues was appropriate (*see, e.g., People ex rel. Hacker v New York State Div. of Parole,* 228 AD2d 849; *People ex rel. Washington v Irvin,* 201 AD2d 907; *People ex rel. Woods v McGreevy,* 191 AD2d 938, 941; *People ex rel. Allison v LeFevre,* 126 AD2d 928). Because these issues can be resolved on this record, without the need for a hearing, we shall dispose of the proceeding on the merits rather than remit it to the Supreme Court for consideration (*see,* CPLR 409 [b]).

The petitioner contends, somewhat inconsistently, that he was denied his right to a final revocation hearing within 90 days of the probable cause determination (*see,* Executive Law § 259-i [3] [f] [i]), and that the Administrative Law Judge (hereinafter the ALJ) wrongfully refused to adjourn the final hearing pending resolution of the underlying criminal charges. We find no merit to either contention. Although the Division of Parole was responsible for 48 days of delay in the commencement of the final revocation hearing, the remainder of the delay was attributable to the unavailability of the petitioner's attorney (*see, People ex rel. Burton v Russi,* 199 AD2d 560; *People ex rel. Sloan v New York State Bd. of Parole,* 88 AD2d 666). Moreover, we find no error in the ALJ's refusal to delay the final hearing until the underlying charges were resolved (*see, People ex rel. Matthews v New York State Div. of Parole,* 58 NY2d 196, 201).

Because the police officer who witnessed the incident in question testified at the hearing, the petitioner was not deprived of his right to confrontation when the victim of the petitioner's assaultive conduct failed to testify (*cf., People ex rel. McGee v Walters,* 62 NY2d 317).

The petitioner's remaining contentions are without merit. Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.