■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KERRY JOHNSON, Appellant, v JAMES WILKINSON, as Superintendent of Camp Pharsalia Correctional Facility, Respondent. [668 NYS2d 510] —Appeal from a judgment of the Supreme Court (Ingraham, J.), entered January 10, 1997 in Chenango County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is currently serving a prison term of 2¹/₃ to 7 years for a 1992 conviction of the crime of grand larceny in the third degree. While participating in a work release program in 1993, petitioner was indicted and convicted of tampering with physical evidence and petit larceny and sentenced to a prison term of 2 to 4 years which was to run consecutively to the undischarged portion of the prior sentence. After his sentence expiration date was recomputed (based upon the imposition of the new consecutive prison term), petitioner was given a parole eligibility date of January 8, 1996. Following his appearance before the Parole Board in November 1995, parole was denied. Petitioner did not appeal from the Board's decision, but made this application for a writ of habeas corpus. The writ was denied by Supreme Court, prompting this appeal. We affirm.

Initially, inasmuch as petitioner has not shown that he is entitled to immediate release from custody prior to the expiration of his prison sentence, habeas corpus relief is unavailable (see, People ex rel. Talley v Executive Dept., N. Y. State Div. of Parole, 232 AD2d 798, 799). In any event, petitioner's application was properly denied inasmuch as petitioner failed to exhaust his administrative remedies when he neglected to appeal the denial of parole. Habeas corpus relief is inappropriate where the claimed errors could have been addressed in an administrative appeal (see, People ex rel. Vazquez v Travis, 236 AD2d 745; see also, 9 NYCRR 8006.3). Nevertheless, absent evidence that in denying parole the Parole Board failed to consider the relevant factors or adhere to the statutory requirements, we agree with Supreme Court that no basis exists to disturb its decision (see, People ex rel. McCormack v New York State Bd. of Parole, 244 AD2d 673; see also, Executive Law § 259-i [2]). Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.