■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CALVIN LEE, Appellant, v MICHAEL LAPAGLIA, as Sheriff of Ulster County, et al., Respondents. [673 NYS2d 945] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered July 7, 1997 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

While serving a prison sentence of 15 years to life, petitioner was released on parole. He was subsequently charged with 11 parole violations and, after a parole violation hearing, seven of the charges were sustained. An Administrative Law Judge recommended a time assessment of nine years, which was accepted by the State Board of Parole. Petitioner commenced, *inter alia*, this CPLR article 70 proceeding challenging the parole revocation determination. Supreme Court dismissed the petition and this appeal ensued. We affirm.

Initially, we find that Supreme Court properly dismissed the petition because petitioner commenced this proceeding prior to pursuing an available administrative appeal and before exhausting all administrative remedies (*see, People ex rel. Scott v Babbie*, 248 AD2d 909; *People ex rel. Carroll v Russi*, 232 AD2d 692). Were we to address the issues raised, however, we would find that they were previously raised and dismissed in a prior CPLR article 70 proceeding brought by petitioner. That prior determination is entitled to res judicata effect with respect to those issues. Furthermore, as noted by Supreme Court, the issues raised by petitioner in this proceeding, even if substantiated, would not entitle him to immediate release and, therefore, a writ of habeas corpus could not be granted (*see, People ex rel. Johnson v Wilkinson*, 247 AD2d 659). For all of the aforementioned reasons, we conclude that Supreme Court properly dismissed the petition.

Cardona, P. J., Mercure, White, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.