OPINION OF THE COURT
Martin Marcus, J.
 In this matter, after the New York State Division of Parole (Division) instituted parole revocation proceedings against the petitioner,[1] a preliminary parole revocation hearing was twice scheduled to be held within 15 days of the execution of the parole warrant, as required by law. The hearing was not held on either of the scheduled dates, however, because on each occasion the defendant was in court on criminal charges arising out of the same incident upon which the parole revocation proceedings were based. The defendant contends that the Division of Parole was bound to hold the hearing within 15 days of the execution of the warrant, regardless of his court appearances, while the Division argues that his court appearances excuse the delay in holding the hearing until after the 15 days had passed.[2] For the reasons set forth below, I hold that *91 the Division is correct and the petitioner was afforded a timely preliminary hearing.
A parolee must be afforded a preliminary hearing “no later than fifteen days from the date of the execution of the [parole] warrant” (Executive Law § 259-i [3] [c] [iv]), and a final hearing “within ninety days of the probable cause determination” at the preliminary hearing. (Executive Law § 259-i [3] [f| [i].) However, the Division is excused from affording a parolee a preliminary or final hearing during any period the parolee is lodged in a place not “ ‘subject to the convenience and practical control of the Parole Board.’ ” (People ex rel. Walsh v Vincent, 40 NY2d 1049, 1050 [1976], quoting Matter of Beattie v New York State Bd. of Parole, 39 NY2d 445, 447 [1976]; see also, People ex rel. Gonzales v Dalsheim, 52 NY2d 9 [1980].) For these purposes, a parolee is in a place “subject to the convenience and practical control” of the Board when he is an inmate in a correctional facility over which the Parole Board has jurisdiction. (Matter of Beattie v New York State Bd. of Parole, 39 NY2d, at 447.) There is no question that Rikers Island is such a place.
The question remains whether, even when a parolee is lodged in an institution subject to the Board’s convenience and practical control, a delay in providing him with a parole revocation hearing may be excused because it was scheduled for a day when he was produced in court on a criminal matter. The Court of Appeals has considered this question in the context of a final parole revocation hearing, and has held that “[t]he responsibility rest[s] on the Division to arrange the hearing earl ¡y] enough within the 90-day period to accommodate necessary future adjournments or to coordinate their hearings with the demands of the criminal courts.” (People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 399 [1987], supra) In so holding, the Court reasoned that “Executive Law § 259-i (3) (f) (i) reflects a legislative judgment that 90 days is sufficient time to overcome unexpected contingencies, such as court appearances, so long as the parolee is subject during that time to the Division’s practical control.” (Supra, at 400.) To put it another way, while a conflicting court date may prevent the Division from affording a parolee a final hearing on any particular date, it is unlikely to prevent the Division from affording him such a hearing sometime within the allotted 90 days.
*92 While holding that “[t]he Division is not entitled to an extension based simply on a showing of its lack of fault” {supra, at 400), the Court in Brown nonetheless left open the possibility of “rare cases in which the failure of the Division of Parole to hold a revocation hearing within the 90-day period due to the parolee’s attendance in court on the scheduled hearing date may be excused.” {Supra, at 399.) The Court suggested that such “rare cases” could include situations in which parolees “abuse the statutory framework by, for example, intentionally obtaining an adjournment of a court date so that the new date conflicts with a scheduled parole hearing” (at 399), or in which the Division offers an acceptable explanation for its failure to hold a hearing some other time within the 90-day period.
In People ex rel. Madison v Sullivan (142 AD2d 621 [2d Dept 1988]), for example, the petitioner’s final parole revocation hearing, scheduled to occur within the 90-day period permitted by the Executive Law, was adjourned beyond that time limit, because, two days before the hearing was to be held, the petitioner was briefly transferred pursuant to court order to Erie County Jail, hundreds of miles away. When the petitioner challenged the timeliness of the hearing he later received, the Court held that, “[w]hile the petitioner may be said to have been within the convenience and practical control of the Board of Parole while he was being detained in the Erie County Jail * * * the administrative difficulties involved in rescheduling the hearing hundreds of miles from the original site during such a brief period of detainer in Erie County * * * provides sufficient justification for the Board’s failure to conduct a hearing within the statutory 90-day period”. (142 AD2d, at 622.)
When the analysis the Court of Appeals employed for a final parole revocation proceeding in Brown (supra) is applied to a preliminary hearing, instead, the practical considerations change dramatically. If a final hearing is originally scheduled well within the 90-day period, and the defendant has a conflicting court date, ample time remains to reschedule the hearing before the 90 days expire. Should the second date for the final hearing conflict with another court appearance, sufficient opportunity should still exist to hold a timely hearing on a third date, and perhaps even a fourth. No less significantly, adjournments of both the final hearing and of the court case may be long enough to give the Division an opportunity to learn of a conflict, and to reschedule a final hearing, even before the date arrives and the defendant is not produced for the hearing.
Because the limit for holding a preliminary hearing is 15 days rather than 90, however, it presents a much less forgiving *93 deadline, particularly if the parolee is incarcerated during those 15 days on a new criminal charge. Given the need to set bail, to discuss the possibility of a plea bargain, and/or to decide whether the case will be presented to the Grand Jury and, if so, whether the defendant will testify before it, the parolee may be produced in court on several occasions over a short period of time. Meanwhile, in order to prepare for the preliminary parole revocation hearing, the Division may reasonably request that it be scheduled more than a week after the warrant is executed, thus reducing the time in which the hearing must then be held to a week or less. Moreover, at the time the hearing is scheduled or rescheduled, the Division may be unaware of when the parolee is next to be in court and, even if it is aware of that date and schedules the hearing for a later one, the criminal case may thereafter again be adjourned, this time to the date previously set for the hearing.
The present case is a perfect illustration of such problems. On June 3, 1998, the petitioner was arrested for a shooting in Bronx County. On that same day, and based on the same allegations, a parole warrant was issued and executed against him, and he was served with the notice of violation at Rikers Island,[3] where he was incarcerated on the criminal charges arising out of the incident. The petitioner requested a preliminary hearing.
The preliminary hearing was initially scheduled for Friday, June 12, 1998, nine days after the parole warrant was executed, and well within the 15-day limit. However, the petitioner was not produced for the hearing that day because he was brought instead to criminal court on the related criminal charges. The hearing was then adjourned for six more days, to Thursday, June 18, 1998, which was the “outside date”, that is 15 days after the execution of the parole warrant. On that day, the parole revocation specialist appeared and, after having been sworn by the Hearing Officer, explained and documented that the petitioner was not present because, as on the previous date, he had a conflicting court date on the criminal matter. The parole revocation specialist then requested that the matter be adjourned for four more days, to Monday, June 22, 1998.
*94 The Hearing Officer granted the adjournment[4] 5and, on June 22, 1998, the hearing was held.[5]
At the proceeding on June 18, 1998, the parole revocation specialist told the Hearing Officer that “due to the circumstances” created by the petitioner’s court dates, affording a preliminary hearing to the petitioner within 15 days of the execution of the warrant was “beyond [the Division’s] control.” The record before me supports that assertion. There is no indication that the Division was trying to delay the hearing; to the contrary, the Division twice scheduled it within the 15-day period. That the two dates the Division chose were ones when the defendant was in criminal court is not surprising. The petitioner’s case was called in criminal court on June 3, June 8, June 10, June 12, June 15 and June 18, and the petitioner was produced in the courtroom on all of those dates except June 8.[6]
The record before me does not indicate whether on June 3, when the Division scheduled the preliminary hearing for June 12, and on June 12, when the hearing was adjourned to June 18, the petitioner’s criminal court case was called before or after the preliminary hearing was scheduled or adjourned. It is, however, irrelevant whether the Division knew or could have known the new criminal court date before rescheduling the hearing. With or without that knowledge, on each occasion the Division asked that the hearing be held on a date other than the one on which the criminal court case was then scheduled. On June 3, when the hearing was set for June 12, the criminal court case was adjourned to June 8; on June 12, when the *95 hearing was rescheduled for June 18, the criminal court case was adjourned to June 15. The conflicts that arose, arose thereafter. While there would have been no conflict if, on June 3, the hearing had been scheduled for June 11, or if, on June 18, it had been adjourned to June 16 or 17, the Division would have to have been clairvoyant to know that those were better dates. Thus, under these circumstances, it can fairly and accurately be said that the defendant’s conflicting court dates prevented the Division from affording the petitioner a preliminary hearing within 15 days of the execution of the warrant.[7]
For the above reasons, I find that the petitioner was not denied his right to a timely preliminary hearing, and his petition is hereby dismissed.

. On February 27, 1985, the petitioner was convicted of burglary in the second degree, for which he was sentenced to an indeterminate term of imprisonment of 7V2 to 15 years. On May 3, 1985, the defendant was convicted of attempted burglary in the second degree, for which he was sentenced to a term of imprisonment of two to four years. He was released to parole supervision on February 13, 1998, with a maximum expiration date of his parole set at November 16, 2003.

. Since the petitioner is also incarcerated on the related criminal charges, he is not being held solely on the parole revocation warrant. “Because success on the merits in this proceeding would not entitle him to immediate release from custody, the remedy of habeas corpus is unavailable [to him]”. (People ex rel. Brown v New York State Div. of Parole, 70 NY2d *91 391, 398 [1987].) Accordingly, this petition is converted to a CPLR article 78 proceeding pursuant to CPLR 103 (c). (Supra.)

. The person shot later died and, on June 30, 1998, an additional parole violation charge was filed, alleging that the petitioner had caused serious physical injury to the person, resulting in his death.

. Expressing concern that, as a result of the adjournment, the hearing would be held more than 15 days after the warrant was executed, the Hearing Officer directed the parole revocation specialist to be prepared to respond to questions about this adjournment, and the previous one, when the final hearing was conducted. However, the Officer who conducted the hearing on June 22, 1998, made no such inquiries.

. Ironically, on June 22, 1998, the petitioner was again not present for the hearing, this time, according to the “Undelivered Defendant” form for that day, because the petitioner “refused to appear.” The Hearing Officer proceeded with the hearing in the defendant’s absence, after finding that he voluntarily and knowingly waived his right to be present. The petitioner does not challenge that determination in this writ.

. The dates on which the case was called and those on which the defendant was produced in the courtroom are indicated in the “Record of Court Action” in the criminal court papers included in the file of the petitioner’s now indicted case, indictment No. 6566/98. On June 8, 1998, the defendant may also have been produced in criminal court, and his appearance in the. courtroom waived, but the “Record of Court Action” does not indicate whether that occurred, or whether the defendant was not produced from Rikers Island.

. Given the circumstances, the need to give the petitioner some notice of the rescheduled hearing date, and the intervening weekend, adjourning the hearing from June 18, to Monday, June 22, rather than Friday, June 19, was reasonable. (See, e.g., People ex rel. Madison v Sullivan, 142 AD2d 621 [2d Dept 1988], discussed supra.) In that case, although the petitioner was returned on May 4, 1987 to the facility where the final parole revocation proceeding was to occur, the hearing was not held until May 6, two days later.