■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES ROSSANO, Appellant, v SUNNY SCHRIVER, as Superintendent of Wallkill Correctional Facility, et al., Respondents. [701 NYS2d 531] —Carpinello, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered May 14, 1998 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

On March 24, 1993, petitioner, an inmate serving an 18-year to life prison sentence for murder in the second degree, began participation in the State's temporary release program. One condition of continued participation was that he not drive a motor vehicle. Approximately one year later, on April 6, 1994, he was observed by the State Police driving a motor vehicle and, following a high-speed chase which ended in his crashing the vehicle into a tree, he was taken into custody. He was given a written statement one day later charging him with violating inmate rule 108.14 (*see*, 7 NYCRR 270.2 [B] [9] [v] [inmate shall comply with temporary release programming rules and regulations]) and found guilty as charged following an April 12, 1994 tier III hearing.*

The Hearing Officer simultaneously referred the matter to the Temporary Release Committee, which rendered a decision on September 1, 1994 removing petitioner from the program. This decision, in turn, was agreed to by the Superintendent of Hudson Correctional Facility on September 3, 1994. By letter dated December 9, 1994, petitioner was advised that his "Continuous Temporary Release Removal Appeal" had been reviewed and affirmed three days earlier. By letter dated November 8, 1995, petitioner challenged this determination and sought reinstatement to the program. Thereafter, on December 11, 1995, petitioner was advised by the Temporary Release Supervisor that "[a] review of the proceedings and circumstances regarding your Work Release Program indicates all procedures were followed and you were removed appropriately in accordance with Temporary Release Rules and Regulations".

Petitioner has not challenged the determination finding him guilty of violating inmate rule 108.14 or the determination of the Temporary Release Committee removing him from the program in a CPLR article 78 proceeding; rather, he now seeks reinstatement to the temporary release work program in this CPLR article 70 proceeding. "Because success on the merits in this proceeding would not entitle him to immediate release from custody, the remedy of habeas corpus is unavailable" (*People ex rel. Brown v New York State Div. of Parole*, 70 NY2d 391, 398; *see generally*, *People ex rel. Johnson v Wilkinson*, 247 AD2d 659; *People ex rel. Talley v Executive Dept., N. Y. State Div. of Parole*, 232 AD2d 798, 799). Moreover, although conversion to a CPLR article 78 proceeding is generally an available power of this Court (*see*, *People ex rel. Brown v New York State Div. of Parole*, *supra*, at 398), it is unavailable to petitioner

---

* This determination was administratively affirmed on June 25, 1996.

since the habeas corpus petition was filed well after the expiration of the four-month Statute of Limitations period (*see, id.*; *see also*, CPLR 217).

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

