■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT H. BURLEY, Appellant, v WARDEN, NEW YORK CITY HOUSE OF DETENTION AT RIKER'S ISLAND, et al., Respondents.—Judgment, Supreme Court, Bronx County, entered March 15, 1979, which in a habeas corpus proceeding denied petitioner's application for release and sustained the writ only to the extent of directing the Board of Parole to serve a decision after the preliminary hearing held on February 26, 1979, unanimously affirmed, without costs or disbursements. The question presented is whether the Board of Parole is required to conduct a preliminary revocation hearing within 15 days after a warrant for the retaking and temporary detention of an alleged parole violator has been executed when the alleged violator is incapacitated by reason of illness from being present at the hearing within that prescribed period. Subdivision 3 of section 259-i of the Executive Law, provides in pertinent part: "(c) (i) Within fifteen days after the warrant for retaking and temporary detention has been executed, the board of parole shall afford the alleged parole or conditional release violator a preliminary revocation hearing before a hearing officer designated by the board of parole * * * (iv) The preliminary hearing shall be scheduled to take place no later than fifteen days from the date of execution of the warrant." The statutory language requiring a preliminary hearing to take place no later than 15 days from the date of execution of the warrant is in terms unqualified, a fact entitled to additional weight in light of the circumstance that the comparable language with regard to revocation hearings specifies contingencies in which there may be an adjournment past the prescribed period of time. On the other hand, the statute clearly contemplates that the alleged violator is to be present at the preliminary hearing and to have an opportunity to prepare for it and participate in it. (See Executive Law, § 259-i, subd 3, par [c], cls [iii], [v].) Although the issue is not free from doubt, we have concluded that the statute is reasonably construed to permit the Board of Parole to defer a preliminary hearing to a date following the 15-day period where the alleged violator is incapacitated by reason of illness from being present at the hearing within that period of time and has not waived his right to be present. In light of the manifest statutory purpose to require such hearings to be conducted promptly, it is clearly imperative that

the Board of Parole act energetically and scrupulously in such circumstances to insure that the hearing not be delayed for more than the time reasonably necessary to insure the alleged violator's right to be present and to participate. The record here satisfies us that the Board of Parole acted in precisely that manner. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Silverman, JJ.