■ In the Matter of JOSEPH BYRNE, Appellant, v EDWARD HAMMOCK, as Chairman of Board of Parole, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Parole which, *inter alia,* sustained certain parole violation charges against petitioner and revoked his parole, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Isseks, J.), entered February 23, 1983, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that it is directed that, after petitioner completes serving time which may be owed on his 1982 conviction, he be restored to parole under his 1976 conviction. A parole warrant was lodged against petitioner on February 2, 1982. The preliminary parole revocation hearing was initially scheduled for February 17, 1982. When the New York City Department of Correction failed to produce petitioner on that day, the hearing was adjourned to February 22, 1982. Section 259-i (subd 3, par [c], cl [i]) of the Executive Law provides that within 15 days after the execution of a parole warrant, the Board of Parole shall afford the alleged parole violator a preliminary revocation hearing. The failure of the New York City Department of Correction to produce petitioner does not serve as an acceptable excuse for denying petitioner his right to a timely preliminary hearing (see *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9; *People ex rel. Walsh v Vincent,* 40 NY2d 1049; *People ex rel. Durham v Flood,* 93 AD2d 847). In light of this, we do not find it necessary to address petitioner's other contention. Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.