■ In the Matter of JAMES EMMICK, Appellant, v WARREN ENDERS, as Area Supervisor of Division of Parole of the Executive Department of the State of New York, Respondent. — Judgment affirmed. Memorandum: The respondent Parole Board did not violate any statutory right of the petitioner, nor did it fail to provide petitioner due process of law. Respondent "afforded" petitioner a preliminary parole revocation hearing "[w]ithin 15 days after the warrant for retaking and temporary detention has been executed" (Executive Law, § 259-i, subd 3, par [c], cl [i]). Adjournments thereafter were granted at petitioner's request and pursuant to the hearing officer's authority (9 NYCRR 8005.4 [b] [3]; see *People ex rel. Clanton v Smith,* 105 AD2d 1123). When the hearing eventually was held, the hearing

officer properly proceeded to "direct the presentation of evidence concerning the alleged violation, receive the statements of witnesses and documentary evidence on behalf of the prisoner, and allow cross examination of those witnesses in attendance" (Executive Law, § 259-i, subd 3, par [c], cl [v]; see, also, 9 NYCRR 8005.7 [a] [2]). In our judgment, at the close of the hearing on February 6, there was ample evidence, some of it permissible hearsay (*People ex rel. McGee v Walters*, 62 NY2d 317), for the hearing officer to find probable cause to believe petitioner violated his parole (see *People ex rel. Calloway v Skinner*, 33 NY2d 23, 31; *People ex rel. Wallace v State of New York*, 67 AD2d 1093).

However, since petitioner raised the issue of the voluntariness of his statement, which was offered by the parole officer and received by the hearing officer, respondent requested and received an adjournment to secure the appearance of the officer to whom petitioner had given the statement. This action violated no statutory right of the petitioner. The Executive Law does not require that a preliminary parole revocation hearing be *completed* within the 15-day period, but only that the hearing be "scheduled to take place" within that period (Executive Law, § 259-i, subd 3, par [c], cl [iv]; *People ex rel. Delrow v New York State Div. of Parole*, 75 AD2d 324). When a preliminary parole revocation hearing has been timely scheduled, or held in whole or in part, and thereafter is adjourned for legitimate reasons, without prejudice to the petitioner, there is no violation of the 15-day limit (see *People ex rel. Burley v Warden*, 70 AD2d 518, mot for lv to app den 48 NY2d 602).

Since there is nothing in the record to indicate that respondent acted less than "energetically and scrupulously" in scheduling and conducting petitioner's preliminary parole revocation hearing, the judgment must be affirmed and the petition dismissed (*People ex rel. Burley v Warden*, 70 AD2d 518, 519, *supra*). All concur except Dillon, P. J., and Hancock, Jr., J., who dissent and vote to reverse and grant the petition in the following memorandum.

Dillon, P. J., and Hancock, Jr., J. (dissenting). We agree with petitioner that his preliminary parole revocation hearing was not timely held and that, therefore, Special Term erred in dismissing this proceeding seeking dismissal of the parole violation warrant. On January 12, 1984, after execution of the warrant and prior to the hearing, petitioner requested an adjournment due to his hospitalization for mental illness. By letter dated January 25, 1984 petitioner requested that the hearing

again be scheduled. It was scheduled for February 6, 1984, 12 days after petitioner's request; on that date, due to the unexplained absence of the principal witness against petitioner, the hearing was continued and completed on February 17, 1984, 23 days after the request. The general rule is that the 15-day limit within which the Board of Parole must afford petitioner a hearing after execution of the warrant (see Executive Law, § 259-i, subd 3, par [c], cl [i]; 9 NYCRR 8005.6 [a]) is mandatory and failure of compliance requires dismissal of the warrant (see *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 13; *Matter of Byrne v Hammock,* 97 AD2d 823; *People ex rel. Burley v Warden,* 70 AD2d 518, mot for lv to app den 48 NY2d 602). Deferral of the hearing beyond the 15-day period where the alleged violator cannot be present due to illness is proper provided that "the Board of Parole act energetically and scrupulously * * * to insure that the hearing not be delayed for more than the time reasonably necessary to insure the alleged violator's right to be present and to participate" (*People ex rel. Burley v Warden, supra,* p 519). Here, there was no showing of any excuse for the police officer's failure to appear on February 6 and no reason was given for adjourning the matter an additional 11 days. In our opinion, the Board has clearly not demonstrated an energetic and scrupulous effort to conclude the hearing promptly, as required by law (see *People ex rel. Burley v Warden, supra*).

The argument that the hearing officer could have made a finding of probable cause at the close of the partial hearing is beside the point. A parolee detained on a parole warrant is entitled to a preliminary hearing within 15 days for the obvious purpose of insuring that he is not detained beyond that time without probable cause. It is of no benefit to him to have a partial hearing but no probable cause for determination, nor is he protected by an appellate court's determination, long after the fact, that a probable cause finding could have been made. Relator was entitled to a timely ruling on whether there was probable cause to detain him — this he did not receive. The parole violation warrant should be dismissed, the declaration of delinquency annulled and petitioner released on parole unless subject to another commitment or warrant. (Appeal from judgment of Supreme Court, Monroe County, Davis, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.