■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALONZO SMITH, Appellant, v ANDREW P. MELONI, as Monroe County Sheriff, et al., Respondents.—Judgment unanimously affirmed. Memorandum: When relator requested an indefinite adjournment, he was advised that the period of the adjournment and until the date of the rescheduled hearing would be charged to him. There is no claim or suggestion that the date of the hearing was not the first available date or that the length of time in convening the hearing was unreasonable and thus the 42-day period of delay should not be charged to the Division *(People ex rel. Racona v Hammock,* 115 AD2d 306, *lv denied* 67 NY2d 604). Where no claim is advanced that the hearing could have been held on an earlier date, the Division has no burden of demonstrating justification for not scheduling the hearing at an earlier time *(see, People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391).

We additionally note that adjournment of the final hearing because of insufficient time to hear the testimony of two available witnesses was a proper exercise of the Hearing Officer's authority (9 NYCRR 8005.4 [b] [3]; *Matter of Emmick v Enders,* 107 AD2d 1066, *appeal dismissed* 65 NY2d 1050). Since adjournment to September 4, 1987, the first available date on the Hearing Officer's schedule, would have been reasonable and proper, that period (11 days) could not be charged to the Division *(Matter of Emmick v Enders, supra).* Under the circumstances, the period of delay chargeable to the Division did not exceed 90 days, and we affirm the judgment dismissing the writ. (Appeal from judgment of Monroe County Court, Maloy, J.—habeas corpus.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.