■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL DENNARD, Respondent, v ANDREW P. MELONI, as Monroe County Sheriff, et al., Appellants.—Judgment unanimously reversed on the law and writ dismissed. Memorandum: When relator requested an indefinite adjournment of his final parole revocation hearing pending the disposition of outstanding criminal charges, he was advised that the adjournment would be charged to him and that "[t]ime parameters shall stand suspended until the day of resumption of the hearing." There is no claim that the date of the rescheduled hearing was not the first available date. The 76-day period between relator's renewed request for the hearing and the date of the rescheduled hearing is delay occasioned by relator's original request for an adjournment *(see,* 9 NYCRR 8005.17 [c] [3]; *People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391; *see also, People ex rel. Smith v Meloni,* 142 AD2d 959). Under these circumstances, the period of delay chargeable to the Division did not exceed 90 days *(see,* Executive Law § 259-i [3] [f] [i]) and the writ of habeas corpus must be dismissed. (Appeal from judgment of Monroe County Court, Wisner, J.—habeas corpus.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.