■ PHYLLIS HUTCHINSON et al., Appellants, v ALCLIFF LANDSCAPING & NURSERY, INC., Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—Order unanimously affirmed without costs. Memorandum: Defendant established by evidentiary proof in admissible form that it owed no duty to plaintiffs to salt Nabisco's parking lot before plaintiff Phyllis Hutchinson fell there. Plaintiffs have failed to raise an issue of fact requiring a trial *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). (Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL T. WEBER, JR., Appellant.—Judgment unanimously affirmed. Memorandum: The record shows that, as part of his plea bargain, defendant made a voluntary, knowing and intelligent waiver of his right to appeal *(see, People v Moissett,* 76 NY2d 909; *People v Derby,* 168 AD2d 969, *lv denied* 77 NY2d 905). Supreme Court fully discussed the waiver with defendant at the plea proceeding *(see, People v Callahan,* 80 NY2d 273). Defendant has raised no "categories of claims" that survive such waiver *(People v Callahan, supra,* at 285). (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Criminal Possession Forged Instrument, 1st Degree.) Present—Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT HAWKINS, Appellant, v FREDERICK NETZEL, as Superintendent of the Erie County Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Petitioner's contention that he was denied a timely final parole revocation proceeding is without merit. Excluding the periods of delay chargeable to petitioner, the final hearing was conducted within the 90-day period and was, therefore, timely *(see,* Executive Law § 259-i [3] [f] [i]; *People ex rel. Walker v Richardson,* 174 AD2d 1061, 1062; *People ex rel. Smith v Meloni,* 142 AD2d 959). We have considered petitioner's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Fudeman, J.—Habeas Corpus.) Present—Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.