■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LLOYD LEWIS, Appellant, v ANDREW P. MELONI, as Monroe County Sheriff, et al., Respondents. [649 NYS2d 580] —Judgment unanimously affirmed without costs. Memorandum: We reject the contention of relator that he was not afforded a final parole revocation hearing within the 90-day statutory time limit (*see,* Executive Law § 259-i [3] [f] [i]). At relator's preliminary parole violation hearing on April 5, 1994, the Hearing Officer found probable cause that relator had violated the terms and conditions of his parole. By letter dated May 11, 1994, relator's counsel requested an indefinite adjournment of the scheduled final hearing because of pending felony charges against relator. The adjournment request was granted and relator's counsel

was properly advised that the 90-day statutory time limit was " 'suspended' " (see, People ex rel. Dennard v Meloni, 151 AD2d 963, lv dismissed 74 NY2d 916; People ex rel. Smith v Meloni, 142 AD2d 959). Where an adjournment is granted at the request of or agreed to by the alleged parole violator or his counsel, the time in which to hold the hearing is extended to the next available date (9 NYCRR 8005.17 [c] [3]). Thereafter, on January 31, 1995, relator's counsel wrote the Division of Parole requesting that a final parole revocation hearing be scheduled. The affidavit of an employee of the Rochester area Division of Parole office, who scheduled relator's final parole revocation hearing, establishes that the first available date for relator's final parole revocation hearing was April 13, 1995. Even had the Division of Parole bypassed earlier available dates, that delay would not be chargeable to it; by letter, dated February 3, 1995, relator's counsel was advised that the final parole revocation hearing was scheduled for April 13, 1995, but no request for an earlier hearing was made (see, People ex rel. Burton v Russi, 199 AD2d 560). Relator's final parole revocation hearing was adjourned from April 13, 1995 at the request of the Division of Parole to May 8, 1995, at which time it was held. Therefore, the time chargeable to the Division of Parole is 61 days, computed as follows: 36 days from April 5, 1994, the date of the probable cause determination, to May 11, 1994, the date of the request for an adjournment, plus 25 days, the period from the April 13, 1995 original rescheduled date to May 8, 1995, when the final revocation hearing was held.

We reject the further contention of relator that the court erred in failing to order an evidentiary hearing. Issues cognizable in habeas corpus do "not necessarily entitle relator to an evidentiary hearing before Supreme Court. Such a hearing is not required if 'upon the pleadings, papers and admissions * * * no triable issues of fact are raised' " (People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197, 203). Here, relator neither requested a hearing nor were his conclusory assertions, based upon information and belief, sufficient to raise an issue of fact requiring a hearing.

Finally, we have considered the remaining contention in relator's pro se supplemental brief and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Egan, J.—Habeas Corpus.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.