■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KEVIN WALKER, Appellant, v JOHNNIE BRADFORD, Respondent. [704 NYS2d 464] —Order, Supreme Court, New York County (Herbert Adlerberg, J.), entered March 30, 1999, which denied the petition for a writ of habeas corpus, unanimously affirmed, without costs.

Petitioner, having been convicted of a new crime committed while he was on parole, had no right to a preliminary parole revocation hearing (*see*, Executive Law § 259-i [3] [c] [i]; *see also*, *People ex rel. Johnson v Russi*, 258 AD2d 346, *appeal dismissed* 93 NY2d 945). We do not reach petitioner's arguments with respect to the determination rendered after the final parole revocation hearing since that determination postdates the order from which the present appeal is taken (*see, supra*). Were we to reach those arguments, however, we would find them unavailing. We have considered petitioner's remaining arguments and find them unavailing. Concur—Williams, J. P., Tom, Saxe and Friedman, JJ.

■ In the Matter of 101 W. 70TH STREET ASSOCIATES, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [704 NYS2d 463] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about September 24, 1998, which, in a CPLR article 78 proceeding by petitioner landlord to restrain respondent Division of Housing and Community Renewal (DHCR) from entertaining respondent tenants' fair market rent appeal, granted DHCR's cross motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

There is no merit to petitioner's argument that DHCR lacks jurisdiction to establish the fair market rent of an apartment rented for more than $2,000 upon decontrol. Were such the case, a landlord could exempt itself from initial rent regulation of a decontrolled apartment simply by pegging the rent at a level above $2,000. That such was not intended is clearly indicated by the general applicability of fair market rent procedures to initially decontrolled apartments without specific exception for high rent apartments (Rent Stabilization Law [Administrative Code of City of NY] § 26-513 [b] [1], [2]). Concur—Williams, J. P., Tom, Saxe and Friedman, JJ.