■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NELSON CORTEZ, Appellant, v BRION D. TRAVIS, as Chairman of the New York State Division of Parole, Respondent. [714 NYS2d 915] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition for a writ of habeas corpus, brought on the ground that petitioner was not afforded a final parole revocation hearing within 90 days of his waiver of a preliminary hearing. Supreme Court, Bronx County, had properly determined in a prior habeas corpus proceeding that the revocation was timely because petitioner's

attorney had sought and received an adjournment accounting for 48 of the 115 days between the date of the preliminary hearing waiver and the final revocation hearing (see, Executive Law § 259-i [3] [f] [i]; *People ex rel. Lewis v Meloni,* 233 AD2d 947, *lv denied* 89 NY2d 807). Thus, "the legality of the detention has been determined by a court of the state on a prior proceeding for a writ of habeas corpus,] * * * and the petition presents no ground not theretofore presented and determined [,] and the court [properly determined] that the ends of justice will not be served by granting it" (CPLR 7003 [b]; *see generally, People ex rel. Woodard v Berry,* 163 AD2d 759, 760, *lv denied* 76 NY2d 712). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Habeas Corpus.) Present— Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.