■ The People of the State of New York ex rel. Herbert Washington, Appellant, v New York State Division of Parole et al., Respondents. [720 NYS2d 22] —Order, Supreme Court, Bronx County (John Byrne, J.), entered on or about July 14, 1999, which dismissed a petition for writ of habeas corpus, unanimously affirmed, without costs.

Relator was released on parole in July 1996, after having served 13 years in prison on sentences for robbery. Less than three months later, in late September, the Division of Parole declared relator delinquent and reported a violation of parole. Relator's next contact with the judicial system was on May 4, 1999, when he was arrested on misdemeanor charges. At relator's arraignment two days later, the Criminal Court Judge noted that a parole warrant had been issued for his arrest.

The issue before us is the timeliness of service of notice of a hearing after execution of the parole violation warrant. The habeas court found that the warrant had been executed on May 10, and the record contains relator's written acknowledgment of notice of the hearing, served on him in a timely fashion the same day. Relator argues on this appeal that he was "the object of a parole warrant" on May 5, 1999, but was not served with the requisite notice of a hearing on the parole violation until May 10.

Proper notice of a charged violation is a basic requirement of the legal process due a parolee facing re-incarceration for violation of parole (*Morrissey v Brewer*, 408 US 471, 489). An al-

leged parole violator must be given written notice of the time, place and purpose of a hearing on such violation, including a detailed explanation of his rights thereat, within three days of execution of a warrant for his arrest on the violation (Executive Law § 259-i [3] [c] [iii]). However, unlike the jurisdictional notice requirements of section 259-i (3) (c) (i) (*see, Matter of White v New York State Div. of Parole*, 60 NY2d 920) and section 259-i (3) (f) (i) (*see, People ex rel. Gonzales v Dalsheim*, 52 NY2d 9), concerning the time within which a parole revocation hearing must actually be held, failure to comply with the three-day rule of notice as to one's rights with regard to an alleged parole violator's hearing does not directly affect the right to be restored to parole, especially in the absence of a showing of prejudice (*People ex rel. Williams v Walsh*, 241 AD2d 979, *lv denied* 90 NY2d 809).

The record here is devoid of any showing of prejudice, in light of the four-month lapse before the hearing was actually held in September 1999. Relator, represented by counsel, consented to this postponement, and had ample time to prepare and assert any challenges to the charged violation.

It appears that the Arraignment Judge was referring, on May 5, to the three-year-old outstanding warrant for parole violation. But even if he was referring to the warrant just issued (but not yet executed) in connection with relator's arrest the day before, the two-day delay in serving the notice required in section 259-i (3) (c) (iii) does not support dismissal of the parole violation warrant and relator's restoration to parole (*People ex rel. Williams v Walsh, supra*). Concur—Nardelli, J. P., Tom, Wallach and Rubin, JJ.