■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM MORANT, Appellant, v WARDEN, RIKERS ISLAND et al., Respondents. [826 NYS2d 40]—

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered October 28, 2005, which denied the petition for habeas corpus relief, unanimously affirmed, without costs.

Pursuant to Executive Law § 259-i (3) (c) (i), a preliminary parole revocation hearing must be held within 15 days of the execution of a parole warrant for a parolee incarcerated in a state correctional facility, as long as the parolee is within the "convenience and practical control" of the Division (*People ex rel. Matthews v New York State Div. of Parole*, 95 NY2d 640, 643 [2001]). Section 259-i (3) (a) (iii) provides the manner in which a warrant is executed: "A warrant issued for . . . a parole . . . violator may be executed by any parole officer or any officer authorized to serve criminal process or any peace officer, who is acting pursuant to his special duties, or police officer. Any such officer to whom such warrant shall be delivered is authorized and required to execute such warrant by taking such person and having him detained." Accordingly, the parole revocation warrant was executed not on the date of issuance, June 14, 2005, but rather on the date the warrant was served on petitioner at the correctional facility where he was incarcerated for related criminal charges, two days later. Thus, the preliminary hearing on July 1 was timely held.

Even were the warrant deemed to have been executed on June 14, the habeas court correctly denied petitioner's application. "When a preliminary parole revocation hearing has been timely scheduled, or held in whole or in part, and thereafter is adjourned for legitimate reasons, without prejudice to the petitioner, there is no violation of the 15-day limit" (*Matter of Emmick v Enders*, 107 AD2d 1066, 1067 [1985], *appeal dismissed* 65 NY2d 1050 [1985]). The Division of Parole is required to act "energetically and scrupulously . . . to insure that the hearing not be delayed for more than the time reasonably necessary to insure the alleged violator's right to be present and to participate" (*People ex rel. Burley v Warden, N.Y. City House of Detention at Riker's Is.*, 70 AD2d 518, 519 [1979], *lv denied* 48 NY2d 602 [1979]).

Based on the record, petitioner is unable to establish prejudice by reason of delay, since adjournment of the hearing was due, at least in part, to issues he had raised. Petitioner's statutory right to a timely parole revocation hearing was not violated, and the habeas court properly denied the writ.

We have considered petitioner's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.