■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL A. COLON, Appellant. [845 NYS2d 210]—Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered on or about January 9, 2006, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROME HILSON, Appellant. [845 NYS2d 210]—Judgment of resentence, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered on or about March 28, 2005, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY GOLDBERG, Appellant, v WARDEN OF RIKERS ISLAND CORRECTIONAL FACILITY, Respondent. [846 NYS2d 15]—

Order, Supreme Court, Bronx County (Thomas Farber, J.), entered February 10, 2006, which denied petitioner's application for a writ of habeas corpus and dismissed the proceeding, unanimously affirmed, without costs.

As petitioner is no longer in the custody of respondent Warden and could not be immediately released, the remedy of habeas corpus is unavailable (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]). Nevertheless, this proceeding is not moot because, inter alia, it affects parole time credited to petitioner. Therefore, we consider the matter as a proceeding pursuant to CPLR article 78 (see CPLR 103 [c]).

The petition was properly denied on the ground that the preliminary parole revocation hearing was timely scheduled for November 28, 2005, and was adjourned for the legitimate reason that petitioner was confined for medical reasons (see People ex rel. Moore v Warden of Rikers Is. Correctional Facility, 36 AD3d 494 [2007]). Respondent Division of Parole also acted "energetically and scrupulously" in rescheduling the hearing for December 5, 2005, when it learned of petitioner's release from that confinement (see People ex rel. Burley v Warden, N.Y. City House of Detention at Riker's Is., 70 AD2d 518, 519 [1979], lv denied 48 NY2d 602 [1979]), and petitioner has not cited any prejudice from the short delay. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ.