■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL MATOS, Appellant, v WARDEN, RIKERS ISLAND CORRECTIONAL FACILITY, et al., Respondents. [870 NYS2d 786]—Judgment (denominated order), Supreme Court, Bronx County (Ethan Greenberg, J.), entered July 17, 2007, denying the petition for a writ of habeas corpus and dismissing the proceeding, unanimously affirmed, without costs.

As this Court has repeatedly held, failure to comply with the three-day limit for giving notice of parole violations does not affect the right to be restored to parole absent a showing of prejudice (*People ex rel. Wise v New York State Div. of Parole*, 50 AD3d 303 [2008]; *People ex rel. Thompson v Warden of Rikers Is. Correctional Facility*, 41 AD3d 292 [2007]; *People ex rel. Washington v New York State Div. of Parole*, 279 AD2d 379 [2001]), which was not even claimed. In view of the foregoing, it is unnecessary to consider the other grounds urged for affirmance. Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.

■ AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, Respondent, v PERRY A. LERNER et al., Appellants. [870 NYS2d 785]—Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 10, 2007, which granted plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Summary judgment was properly granted to plaintiff after it demonstrated that the allegations of the underlying complaint fell within an exclusion. The policy clearly and unambiguously provides that it "shall not apply to any Claim based upon or arising out of, in whole or in part . . . the Insured's capacity or status as . . . [a] director." The claims in the underlying lawsuit arise, in part, out of the individual defendant's status as a director of the plaintiff in the underlying action. Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.