OPINION OF THE COURT
Richard Lee Price, J.
Petitioner, by writ of habeas corpus submitted May 4, 2011, moved for an order vacating his parole warrant and releasing him from the custody of New York State Division of Parole (Division) on the ground that he was being illegally detained because the Division failed to timely conduct a preliminary parole revocation hearing in violation of Executive Law § 259-i (3) (c) (i) and (iv). After review of the parties’ respective papers submitted in connection with this matter, this court sustained petitioner’s writ by decision dated May 11, 2011 and ordered his immediate release. This expands that decision.
Procedural History
On December 19, 2007, judgment was entered against petitioner in Supreme Court, Kings County, upon his conviction of assault in the second degree to a determinate term of five years’ imprisonment and a period of five years’ postrelease supervision.
On April 3, 2009, petitioner was conditionally released to be supervised by the Division through April 3, 2014. In connection with his conditional release, petitioner signed a document entitled “Certificate of Release to Parole Supervision” (see Division’s exhibit A). By signing this document, petitioner agreed to comply with the terms and conditions set forth in it, which included the following:
*652 “CONDITIONS OF RELEASE . . .
“2. I will make office and/or written reports as directed.
“3. I will not leave the State of New York or any other State to which I am released or transferred, or any area defined in writing by my Parole Officer without permission.
“4.1 will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible.”
The Division contends that on August 19, 2010, petitioner failed to make his office report as instructed. On September 16, 2010 the Division issued a parole violation warrant. On September 20, 2010, the Division issued a violation of release report charging petitioner with violations of the above-stated conditions of parole.
On February 14, 2011, Connecticut law enforcement officials notified the Division that petitioner had been arrested in that state. The Connecticut State Division of Criminal Justice indicated that petitioner had signed an extradition waiver and would be ready for transport in 24 hours (see Division’s exhibit D).
On February 18, 2011, parole warrant officers traveled to Connecticut and served petitioner with a notice of violation and a copy of the violation of release report. Within 24 hours, petitioner was extradited to New York State. Petitioner elected to have a preliminary parole revocation hearing, which was scheduled for February 28, 2011.
On February 28, 2011, a preliminary parole revocation hearing was held at the Rikers Island Judicial Center. At the hearing, Hearing Officer Sharon Burnett heard testimony from Parole Officer Kim Richardson. After the defense rested and the Division had nearly completed its closing argument, Parole Officer Richardson requested and was granted an adjournment for the purpose of enabling her partner, Parole Officer Luis Torrales, to testify for the Division. The hearing was then adjourned until March 4, 2011.
*653 At the hearing on March 4, 2011, Hearing Officer Yolanda Hernandez found probable cause that petitioner had violated Rule 2 of the conditions of his release to parole supervision. Claiming that the March 4 hearing was held more than 15 days from the date of the warrant’s execution, petitioner sought habeas relief due to the Division’s failure to timely conduct his preliminary parole revocation hearing.
Discussion
Executive Law § 259-i (3) (c) (i) mandates that suspected parole violators be “afford[ed]” a preliminary parole revocation hearing within 15 days from the time the warrant for retaking is executed; similarly, section 259-i (3) (c) (iv) requires that “[t]he preliminary hearing ... be scheduled to take place no later than fifteen days from the date of the execution of the warrant.” Petitioner argues that this 15-day rule was violated under two theories. First, petitioner maintains that the February 28, 2011, hearing should be deemed a nullity because it was adjourned for “no legitimate reason” (affirmation of petitioner at 2-3). Alternatively, he argues that the decision to hold the March 4 hearing de novo drained the February 28 hearing of substantive value. As a result, the first hearing became a procedural placeholder and is a nullity for the purpose of calculating the 15-day period (id. at 3-4). Under either theory, deeming the February 28 hearing a nullity would place 18 days between the execution of the warrant and the occurrence of the hearing in violation of Executive Law § 259-i (3) (c) (i) and (iv). This court finds merit in both of petitioner’s claims. i. No “Legitimate Reason” for Adjournment
Initially, this court notes that petitioner is procedurally barred from asserting a claim challenging the adjournment itself because he failed to register an objection at the time it was granted (see CPL 470.05 [2]; People ex rel. Chesner v Warden, Otis Bantum Correctional Ctr., 71 AD3d 499, 499-500 [1st Dept 2010]). Still, this court is troubled by the fact that the adjournment request was granted as the Division was in the process of making its closing statement. Only then, when the Hearing Officer indicated that the Division had failed to meet its burden, did Parole Officer Richardson request an adjournment (see Division’s exhibit G, 8-9, 11). It is a highly questionable practice to grant an adjournment request after the evidentiary portion of a hearing has concluded and the defendant’s argument presented. To be sure, while not explicitly prohibited, it is quite ir *654 regular for a hearing officer to adjourn an all-but-completed hearing in this manner. More problematically, it provides a route by which the Division can effectively retry its case if, at the end of the hearing, it doubts the hearing officer will decide in its favor.
What petitioner does claim is that the Division was required to offer a “legitimate reason” for its request (affirmation of petitioner at 3). However, no such requirement is apparent in the language of the relevant statute. The Official Compilation of Codes, Rules and Regulations of the State of New York, title 9, § 8005.4 (b) (3) provides only that it is within the preliminary hearing officer’s authority to “conduct preliminary hearings and provide for adjournments thereof.” Additionally, the seminal case addressing the 15-day rule and adjournments of preliminary hearings, Matter of Emmick v Enders (107 AD2d 1066 [4th Dept 1985]), is equivocal on the issue. On one hand, the Court insisted that adjournments be justified: “[w]hen a preliminary parole revocation hearing has been timely scheduled, or held in whole or in part, and thereafter is adjourned for legitimate reasons, without prejudice to the petitioner, there is no violation of the 15-day limit” (.Emmick at 1067 [emphasis added]). On the other hand, the Court sanctioned the adjournment of Emmick’s preliminary parole revocation hearing despite there being “no showing of any excuse” for a relevant witness’s failure to appear at the first hearing “and no reason was given for adjourning the matter an additional 11 days” (id. at 1068 [dissent]).
Emmick notwithstanding, precedent strongly supports petitioner’s assertion. Emmick’s progeny have taken seriously the condition that “legitimate reasons” be offered for the adjournment of a preliminary parole revocation hearing. In fact, the reason is consistently a dispositive factor in the evaluation of an adjournment’s legitimacy. For example, in People ex rel. Burley v Warden, N.Y. City House of Detention at Riker’s Is. (70 AD2d 518, 518 [1st Dept 1979], Iv denied 48 NY2d 602 [1979]), the Court determined that the Division could “defer a preliminary hearing to a date following the 15-day period where the alleged violator is incapacitated by reason of illness from being present at the hearing within that period of time and has not waived his right to be present.” (See also People ex rel. Moore v Warden of Rikers Is. Correctional Facility, 36 AD3d 494 [1st Dept 2007] [adjournment was permissible when the first hearing was scheduled for a religious holiday observed by petitioner]; *655 People ex rel. Goldberg v Warden of Rikers Is. Correctional Facility, 45 AD3d 356 [1st Dept 2007] [adjournment was permissible when petitioner could not attend due to medical confinement] ; People ex rel. Hampton v Warden of Rikers Is. Correctional Facility, 211 AD2d 566 [1st Dept 1995] [adjournment was permissible when a snowstorm interfered with operations at the prison].)
An absence of explanations is dispositive as well. The court in People ex rel. McGee v Walters (62 NY2d 317, 321 [1984]) found an adjournment improper when “the parole officer who had prepared the report [of the defendant’s failure to appear for his scheduled appointment] was not present at the hearing, [yet] no finding was made that he was unavailable to testify.”
In this case, the Division failed to produce the parole officer on duty on the date of petitioner’s alleged failure to report at the February 28 hearing. Hearing Officer Burnett properly called attention to the fact that the Division could not prevail without his testimony (Division’s exhibit G, 8-9, 11), since it represented the only nonhearsay evidence of petitioner’s parole violation. It is true that hearsay evidence is admissible in parole revocation hearings: 9 NYCRR 8005.2 (a) states that “[t]he formal rules of evidence observed by courts need not be followed, except that the rules of privilege recognized by law shall be observed,” and Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 16, Education Law § 410.70), describes exceptions to the hearsay rule, stating that a suspected parole violator must be given “an opportunity to cross examine adverse witnesses, unless there is specific good cause for not allowing confrontation.” New York courts, however, have been strict in their requirement that a finding of guilty may not be based on hearsay evidence alone (see People v Rennie, 190 AD2d 830 [2d Dept 1993], lv denied 81 NY2d 975 [1993]; People v Machia, 96 AD2d 1113, 1114 [3d Dept 1983] [“A finding of a probation violation . . . must be based upon a preponderance of the evidence . . . which requires a residuum of competent legal evidence in the record”]; People ex rel. Wilt v Meloni, 170 AD2d 989, 990 [4th Dept 1991] [“(E)xcept in the rare case, hearsay alone will not suffice”]).
Here, as in McGee, the only nonhearsay witness was absent from the February 28 hearing. Notwithstanding that his presence was essential to the Division’s case and the Division offered no explanation for his failure to appear, Hearing Officer Burnett improvidently granted its request for an adjournment *656 to produce him. Because Officer Burnett provided no reason or justification for the decision, this court can hardly conclude that such adjournment was supported by a “legitimate reason.” ii. Hearing Held De Novo
The hearing record indicates that Hearing Officers Hernandez and Burnett discussed whether or not the March 4 hearing was to be a continuance of the February 28, 2011 proceeding. Officer Hernandez indicated that Officer Burnett stated, “it was not a continuance, that this could be done over” (Division’s exhibit H, 3). Based on this conversation, Hearing Officer Hernandez “start[ed] the case over again” (id.). Neither hearing officer considered the evidence and arguments given during the February 28, 2011 hearing worth preserving, which indicates that the all-but-completed first hearing was rendered entirely without substantive value. Clearly, then, the March 4 hearing was held de novo. Stripped of its substance, the February 28, 2011, hearing, while held within 15 days of the execution of the warrant, became a mere shell — a procedural placeholder. Since the only materially relevant hearing occurred on March 4, 2011, 18 days after the warrant was executed, the question is whether or not the Division timely conducted petitioner’s preliminary parole revocation hearing. This court inescapably concludes it did not.
As it stands, the Division may satisfy Executive Law § 259-i (3) (c) (iv) by scheduling a hearing within the statutory period and then requesting an adjournment when it becomes clear that its evidence is insufficient. Once the Division presents its evidence and closing argument, however, it is improper to receive an adjournment upon the realization that such evidence is inadequate, particularly where the subsequent hearing is conducted de novo. The reason is obvious: permitting such adjournments preserves the Division’s ability to indefinitely hold an accused violator in custody for as long as it needs to build its case. Doing so clearly frustrates the purpose of the 15-day requirement in Executive Law § 259-i (3) (c) (i) and (iv), which is to ensure a speedy hearing so that suspected violators are not imprisoned for an undue length of time.
Such practice also violates the letter of Executive Law § 259-i (3) (c) (i) and (iv). Executive Law § 259-i (3) (c) (i) requires the Division to “afford” an alleged violator a hearing within 15 days from the warrant’s execution, while the more ambiguous subparagraph (iv) requires only that a hearing be “scheduled” for a date within that window. Read in a straightforward man *657 ner, voiding the first hearing by holding the second de novo would violate subparagraph (i), since “afford,” meaning “provide or supply (an opportunity or facility)” (New Oxford American Dictionary [3d ed 2010], afford), must connote a hearing with content-value. An opportunity to be exonerated must be given to the defendant, and when a hearing is held in which the Division’s evidence is found wanting, and then that hearing is adjourned and voided, the defendant is deprived of such opportunity. Indeed, it is as if it never had been furnished. Despite this, holding the second hearing de novo would indeed be permissible under subparagraph (iv), which does not require a hearing within the 15 days.
Comparing these provisions with the text of Executive Law § 259-i (3) (f) (i), which addresses parole revocation hearings, supports this reading. That provision states:
“Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination. However, if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceedings, the time limit may be extended” (see Executive Law § 259-i [3] [f] [i]).
There is no indication here that “scheduled” requires the hearing to commence within the 90-day window. If “scheduled” in Executive Law § 259-i (3) (c) (iv) were read similarly, the act of holding the second hearing de novo would not violate the provision. And if the hearing need not be held within the 15-day window, whether or not it was held and then voided would be irrelevant. This construction, however, creates two issues: first, such a reading of subdivision (3) (c) (iv) directly contradicts the requirement in subdivision (3) (c) (i) that the hearing be held “within fifteen days.” Second, it is incompatible with the immediate context of “scheduled.” Executive Law § 259-i (3) (c) (iv) includes a description of the standard of proof at a preliminary parole revocation hearing — an issue relevant only once the hearing has commenced. Implicitly, this suggests a reading wherein a hearing is required under subparagraph (iv), bringing it in line with subparagraph (i). Such a reading is also problematic, however, since subparagraph (iv) becomes an unnecessary reiteration of the requirement in subparagraph (i) that the Division “afford” the alleged parole violator a hearing within the 15-day time frame.
*658 The more credible reading of Executive Law § 259-i (3) (c) (iv), then, is that it provides an exception to the rule articulated in subparagraph (i). While “afford” in its simplest sense connotes a completed hearing, “scheduled” does not. Thus, viewing subparagraph (iv) as an exception assumes that a hearing at least take place but need not be completed. Considering them in tandem, subparagraph (iv) contemplates that adjournments are permissible under certain circumstances. This reading has several benefits: it avoids a contradiction between subparagraphs (iv) and (i); it avoids redundancy; and it is the reading courts have generally assumed (see supra). Under this reading, both subparagraphs (i) and (iv) require that a hearing be conducted within the 15-day period, and both provisions would be abrogated if a subsequent hearing is held de novo. As noted above, rendering a hearing materially void is the functional equivalent of nullifying it, which voids it of procedural value as well. Thus, here the only meaningful hearing was conducted on March 4, 18 days after the warrant was executed. The Division therefore failed to timely comply with Executive Law § 259-i (3) (c) (i) and (iv).
Conclusion
Because the Division failed to timely conduct petitioner’s preliminary parole revocation hearing as required by Executive Law § 259-i (3) (c) (i) and (iv), the petition is therefore sustained and the warrant is vacated.