OPINION OF THE COURT
Nicholas Iacovetta, J.
The petitioner moves for vacatur of the parole warrant and restoration of the petitioner to parole supervision on the grounds that the Department of Corrections and Community Supervision failed to provide the petitioner with the notice of violation within the three-day statutory time limit, and that the Department failed to provide the petitioner with a preliminary hearing within the 15-day statutory time limit. Petitioner’s motion is denied on both grounds.
Background
On May 1, 2010, petitioner was sentenced to two years’ incarceration plus three years of postrelease supervision for his conviction of criminal sale of a controlled substance in the third degree. He was released to parole supervision on September 18, 2012, at which time he signed a certificate of release to parole supervision wherein petitioner agreed to several conditions of release, including that within 24 hours of his release he will present himself to the Staten Island parole office at 146 Bay Street, Staten Island, New York to make his arrival report. The certificate of release also identified his approved residence as Harmony House in Brooklyn, New York. Petitioner’s parole supervision was scheduled to expire on January 10, 2015 (see affirmation in opposition, exhibit A).
On October 1, 2012, a violation of release report was prepared declaring petitioner delinquent as of September 19, 2012. According to the Department, petitioner violated rule 1 of his conditional release by never making his arrival report to the Staten Island parole office, he violated rule 2 by failing to make his weekly reports to the Staten Island parole office, and he violated rule 4 by changing his approved residence at Harmony House without knowledge or permission of his parole officer. A *549 warrant for his arrest was issued, on that same date, October 1, 2012 (see affirmation in opposition, exhibit B).
On October 23, 2012, petitioner was rearrested by the New York City Transit Police and charged in a misdemeanor complaint in New York County Criminal Court with the charges of theft of services (Penal Law § 165.15), a class A misdemeanor, and loitering (Penal Law § 240.35), a violation. He pleaded guilty on October 24, 2012 to Rules Governing the Conduct and Safety of the Public in the Use of the Facilities of New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (21 NYCRR) § 1050.6, a violation, and received a sentence of 10 days’ incarceration.
The parole warrant was lodged against the petitioner on October 29, 2012. The petitioner was served with the notice of violation on November 9, 2012, and the preliminary hearing was conducted on November 26, 2012.
I. Petitioner’s conviction of a violation does not constitute “a new crime” which would obviate his right to a preliminary hearing.
Executive Law § 259-i (3) (c) (iii) directs that a releasee violater “shall, within three days of the execution of the warrant, be given written notice of the time, place and purpose of the hearing.” The purpose of this statute is to ensure the releasee is notified of the violations charged against him within a sufficient time to investigate and prepare a defense for the preliminary hearing.
Executive Law § 259-i (3) (c) (i) directs,
“Within fifteen days after the warrant for retaking and temporary detention has been executed, unless the releasee has been convicted of a new crime committed while under the presumptive release, parole, conditional release or post-release supervision, the board of parole shall afford the alleged presumptive release, parole, conditional release or post-release supervision violator a preliminary revocation hearing.” (Emphasis added.)
The standard of proof at a preliminary hearing “shall be probable cause to believe that the . . . person under post-release supervision has violated one or more conditions of his . . . post-release supervision in an important respect. Proof of conviction of a crime committed while under supervision shall constitute probable cause for the purposes of this section” (Executive Law § 259-i [3] [c] [iv] [emphasis added]).
*550 Accordingly, since any defendant who is convicted of a new crime while on parole has no right to a preliminary hearing, the claims that he was not served with a copy of the notice of violation, or that the preliminary hearing was not conducted within the statutory time periods would be of no consequence (see People ex rel. Walker v Bradford, 269 AD2d 316 [1st Dept 2000]; People ex rel. Johnson v Russi, 258 AD2d 346 [1st Dept 1999], lv denied 93 NY2d 945 [1999]; People ex rel. Pino v Amacucci, 300 AD2d 607 [2d Dept 2002], lv denied 99 NY2d 551 [2003]).
In this case, however, petitioner was convicted on October 24, 2012, of Rules of New York City Transit Authority (21 NYCRR) § 1050.6, a violation, not a crime. A “crime” is defined as a misdemeanor or a felony (Penal Law § 10.00 [6]). Since petitioner’s conviction for the violation does not obviate his right to a preliminary hearing, the court must consider whether petitioner’s claims that the Department failed to provide the petitioner with the notice of violation within the three-day statutory time limit, and that the Department failed to provide the petitioner with a preliminary hearing within the 15-day statutory time limit have any merit.
II. The parole warrant was timely executed and did not violate petitioner’s constitutional right to due process.
There is no statutory requirement that a parole warrant be executed within a certain number of days after a defendant is rearrested. Absent a demonstration that “respondent manifested a gross disinterest in retaking” petitioner, so long as the warrant is executed prior to the expiration date of a defendant’s underlying sentence, the execution of the warrant is deemed timely (see People ex rel. Cross v New York State Div. of Parole, 261 AD2d 108, 108 [1st Dept 1999]).
Petitioner’s parole supervision was to expire on January 10, 2015. The parole warrant was issued October 1, 2012, within two weeks of petitioner’s violation of the conditions of his parole. Petitioner was rearrested on October 23, 2012, sentenced pursuant to his conviction to 10 days’ incarceration on October 24, 2012, and the parole warrant was lodged against the petitioner on October 29, 2012. Since the warrant was executed within six days of petitioner’s rearrest, and approximately three years before the expiration of petitioner’s supervision, there is no evidence of “gross disinterest” by the Department. The parole warrant was timely executed.
III. Petitioner’s motion for vacatur of the parole warrant and restoration of the petitioner to parole supervision on the ground *551 that the Department failed to serve petitioner with notice of violation within three days of execution of warrant is denied for the following three reasons:
A. Failure to serve petitioner with notice of violation within three days of execution of warrant does not entitle petitioner to be restored to parole supervision.
Executive Law § 259-i (3) (c) (iii) directs that a releasee violator “shall, within three days of the execution of the warrant, be given written notice of the time, place and purpose of the hearing.”
In Morrissey v Brewer (408 US 471 [1972]), the United States Supreme Court decided that the “minimum requirements of due process” due a parolee facing re-incarceration for a violation of parole “include (a) written notice of the claimed violations of parole.” (Morrissey v Brewer, 408 US at 489.) The purpose of this notice is to provide the parolee with sufficient time and information to investigate and prepare a defense before appearing for the preliminary hearing.
However, the three-day limit under Executive Law § 259-i (3) (c) (iii) is not as strictly construed as the requirements of Executive Law § 259-i (3) (c) (i) and (iv) (see People ex rel. Washington v New York State Div. of Parole, 279 AD2d 379 [1st Dept 2001]). “[F]allure to comply with the three-day limit for giving notice of parole violations does not affect the right to be restored to parole absent a showing of prejudice” (People ex rel. Matos v Warden, Rikers Is. Correctional Facility, 58 AD3d 523, 523 [1st Dept 2009], lv denied 12 NY3d 712 [2009]; see also People ex rel. Thompson v Warden of Rikers Is. Correctional Facility, 41 AD3d 292 [1st Dept 2007]; People ex rel. Washington v New York State Div. of Parole, 279 AD2d 379 [2001]).
In this matter, petitioner was served with his notice of violation on November 9, 2012, 11 days after execution of the warrant on October 29, 2012. The preliminary hearing was conducted on November 26, 2012. The court notes that not only did petitioner fail to allege any prejudice due to this 11-day delay, petitioner was given 17 days to investigate the violations charged and to prepare his defense for the preliminary hearing. That was two more days than the amount of time given under the statutory 15-day time frame between service of notice and conducting the preliminary hearing under Executive Law § 259-i (3) (c) (i) and (iv). The intent of Executive Law § 259-i (3) (c) (iii) was fulfilled. Petitioner was given more than reasonable and sufficient time to investigate and prepare for his defense at *552 the preliminary hearing, and suffered no prejudice due to the delay.
Furthermore, contrary to petitioner’s assertion at the preliminary hearing (preliminary hearing tr at 8, lines 11-12, Nov. 26, 2012), petitioner was not kept in custody without knowing why he was there. Petitioner was arrested October 23rd and pleaded guilty on October 24th and was sentenced to 10 days’ incarceration. The warrant was executed on the 6th day of his sentence. Not only did petitioner know he was incarcerated because of his recent conviction, as of November 9th petitioner was on notice that he was not going to be released at the end of the 10-day sentence because of his violations of the conditions of his parole.
B. Execution of warrant herein deemed November 9, 2012, due to state of emergency caused by Hurricane Sandy; therefore service on November 9, 2012 is timely.
Under normal circumstances, pursuant to Executive Law § 259-i (3) (c) (iii), the Department is to serve a parolee a copy of the notice of violation within three days of execution of the parole warrant. Accordingly, since the Department lodged the warrant against petitioner on October 29th, pursuant to Executive Law § 259-i (3) (c) (iii), the three-day limit would have fallen on November 1, 2012. However, on October 29, 2012, date of execution of the warrant, New York City was battered with wind and flood damage caused by Hurricane Sandy. In his attempt to emphasize the unreasonableness of the delay in service, defense counsel makes reference to the fact that the Rikers Island Judicial Center was only closed for two days after the hurricane, and that it resumed full operations on Wednesday, October 31st (see defense affirmation at 6), so therefore there was no excuse for not serving the petitioner with his notice until November 9th. The defense counsel, however, failed to acknowledge that a difference in location that day made a significant difference in how quickly an area and the people therein were able to rebound. The Rikers Island Judicial Center is located in an inland bay in the East River surrounded by Queens and Bronx boroughs. The petitioner’s parole officers and offices, however, were located on Bay Street in Staten Island, an area exposed in a direct line with the surge from the Atlantic Ocean, and one of the most well publicized areas most devastated by the hurricane flooding which resulted in unprecedented power and communication outages and structural damage. Accordingly, using the Rikers Island Judicial Center as the yardstick for reasonableness in this situation is inapposite.
*553 The court further notes that petitioner fails to grant the Staten Island parole offices the same consideration for delays caused by the storm as he does for the Judicial Center. Petitioner does not challenge the parole officer’s assertion at the preliminary hearing that the Staten Island Division of Parole did not get its power and telephone communications restored until November 6th, and that they did not receive the fax notifying them that the warrant was lodged against the petitioner until November 9th (preliminary hearing tr at 9, lines 2-7, Nov. 26, 2012). If petitioner concedes that the storm understandably and excusably caused the Judicial Center to close, and to delay conducting business, including conducting preliminary hearings, for two days (petitioner’s reply affirmation at 6), the same logic must be applied in considering and accepting the Staten Island Division of Parole’s uncontroverted assertion that the hurricane caused a delay in reestablishing a functioning office until November 6th, and that they did not receive the fax notifying them that the warrant was lodged against the petitioner until November 9th.
The warrant was lodged against this petitioner by the Department of Corrections and Community Supervision on October 29, 2012, the day of the hurricane. It is axiomatic that the Executive Law directives cannot work in a vacuum. The statutory time limits necessarily require the Department to be on notice that the previously issued parole warrant was lodged and that the releasee is being held on that warrant. The Department cannot be held responsible for meeting statutory time requirements when it is not aware that the statutory time clock has begun to tick.
Considering the incontrovertible damage caused to Staten Island as a result of Hurricane Sandy, together with petitioner’s failure to challenge or controvert the Department’s assertion that the office was legitimately closed due to the storm from October 29th to November 6th, and that it did not receive notice of execution of the warrant until November 9th, the court finds that for purposes of calculating statutory time limits herein, the beginning of the three-day limit to serve petitioner pursuant to Executive Law § 259-i (3) (c) (iii) with his papers was tolled from October 29th to November 9th (see People ex rel. Hampton v Warden of Rikers Is. Correctional Facility, 211 AD2d 566 [1st Dept 1995] [where preliminary hearing held legitimately adjourned because Rikers Island Judicial Center was closed on March 3,1994 due to a snowstorm]). On November *554 9th, once the Department received notice that the warrant had been previously lodged against the petitioner, the Department immediately went from Staten Island to Rikers Island and served petitioner with his papers. Petitioner’s rights pursuant to Executive Law § 259-i (3) (c) (iii) were therefore fulfilled.
C. Executive Order Nos. 52 and 81 tolled the statutory three-day time limit of Executive Law § 259-i (3) (c) (iii).
On October 31, 2012, in response to the widespread devastation caused by Hurricane Sandy, Governor Andrew Cuomo issued Executive Order No. 52 which states, in part,
“WHEREAS, on October 26, 2012, I issued Executive Order Number 47 declaring a disaster emergency in all 62 counties in the State of New York
“In addition, I hereby temporarily suspend and modify, for the period from the date of this Executive Order until further notice, any other statute, local law, ordinance, order, rule or regulation or part thereof, establishing limitations of time for the filing or service of any legal action, notice or other process or proceeding that the courts lack authority to extend through the exercise of discretion, where any limitation of time concludes during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice.”
On November 20, 2012, Governor Cuomo issued Executive Order No. 81, which states, in part, “WHEREAS, on October 31, 2012, I issued Executive Order Number 52 to, among other things, suspend deadlines for certain criminal processes and appeals, and which will expire on November 25, 2012,” and “The suspension of provisions of law ordered by Executive Order Number 52 shall continue through December 25, 2012, except that the provision suspending Sections 30.10 and 30.30 of the Criminal Procedure Law shall not be continued”
The court agrees with respondents’ assertion that Executive Law § 259-i (3) (c) (iii) falls within the directive of Executive Order Nos. 52 and 81, and, therefore, the statutory requirement to serve a rearrested parolee with copies of the notice of violation during this time period was tolled to, at a minimum, November 25, 2012. The parole warrant was lodged against the petitioner by the Department of Corrections and Community *555 Supervision on October 29, 2012. Petitioner was nonetheless served with his papers on November 9, 2012, well within the extended period of permissible service as directed by the executive orders and, therefore, does not constitute a violation of the statutory time limit (see People v Bey, 44 AD3d 1065 [2d Dept 2007], lv denied 9 NY3d 1031 [2008] [time properly excluded from speedy trial calculation pursuant to executive orders of Governor Pataki as the result of the terrorist attack on the World Trade Center on September 11, 2001]; see also McGarty v City of New York, 44 AD3d 447 [1st Dept 2007] [where Governor Pataki’s same executive order issued as the result of the terrorist attacks was held not applicable because the law in question had the built in mechanism where a court could exercise its discretion in extending the time limitation]).
Accordingly, for all the reasons set forth above, petitioner’s request for vacatur of the parole warrant and restoration of the petitioner to parole supervision on the ground the Department failed to timely serve petitioner a copy of his notice of violation pursuant to Executive Law § 259-i (3) (c) (iii) is denied.
IV Petitioner’s motion for vacatur of the parole warrant and restoration of the petitioner to parole supervision on the ground that the Department failed to provide petitioner with a preliminary hearing within 15 days of execution of the warrant is denied for the following two reasons:
A. Conducting the preliminary hearing on November 26, 2012 was within the 15-day time limit of Executive Law § 259-i (3) (c) (i) and (iv) due to state of emergency caused by Hurricane Sandy.
Executive Law § 259-i (3) (c) (i) directs that a releasee violator shall be afforded a preliminary revocation hearing “[w]ithin fifteen days after the warrant for retaking and temporary detention has been executed.” Executive Law § 259-i (3) (c) (iv) directs a preliminary hearing be scheduled “no later than fifteen days from the date of execution of the warrant.”
“The Executive Law does not require that a preliminary parole revocation hearing be completed within the 15-day period, but only that the hearing be ‘scheduled to take place’ within that period” (Matter of Emmick v Enders, 107 AD2d 1066, 1067 [1985]; appeal dismissed 65 NY2d 1050 [1985]). There is no violation of the 15-day limit to conduct a preliminary hearing when the hearing was timely scheduled, but adjourned for legitimate reasons, without prejudice to the petitioner (see Matter of Emmick v Enders; People ex rel. Burley v Warden, N.Y. City *556 House of Detention at Riker’s Is., 70 AD2d 518 [1979], lv denied 48 NY2d 602 [1979]; People ex rel. Morant v Warden, Rikers Is., 35 AD3d 208 [2006], lv denied 8 NY3d 809 [2007]).
For the reasons discussed above, due to the devastating impact of Hurricane Sandy, the court finds November 9, 2012, as the date in this matter from which to calculate any statutory time requirements pursuant to the Executive Law. Accordingly, the Department had 15 days from November 9th, i.e., until November 24th, within which to schedule the preliminary hearing.
Petitioner concedes that as stated in the notice of violation the preliminary hearing was initially scheduled for Friday, November 23, 2012, one day before expiration of the statutory limit. Petitioner further concedes that he was later advised that the hearing was administratively adjourned to Monday, November 26, 2012, and that the preliminary hearing was conducted on that date. The adjournment of two days after the statutory limit of November 24th did not violate petitioner’s rights pursuant to Executive Law § 259-i (3) (c) (i) and (iv). When a statutory period ends on a Saturday, Sunday or legal holiday, the statutory time limit is extended by operation of law to the following business day (see People ex rel. Atkinson v Warden of Rikers Is. Correctional Facility, 201 AD2d 271 [1st Dept 1994]; People ex rel. Frost v Meloni, 124 AD2d 1032 [4th Dept 1986], lv denied 69 NY2d 606 [1987]). Accordingly, since the hearing was held on the next business day after the statutory time limit expired on a Saturday, there was no violation of petitioner’s right to a preliminary hearing pursuant to Executive Law § 259-i (3) (c) (i) and (iv).
B. Executive Order Nos. 52 and 81 tolled the statutory 15-day time limit of Executive Law § 259-i (3) (c) (i) and (iv)
Alternatively, even if the court is incorrect in its assessment that the 15-day statutory calculation in this case should begin on November 9, 2012, and that the date the Department of Corrections and Community Supervision lodged the warrant on October 29, 2012 should be the date from which the statutory time limit should begin, for the reasons discussed above, the court finds Executive Order Nos. 52 and 81 tolled the statutory requirements pursuant to Executive Law § 259-i (3) (c) (i) and (iv).
The warrant was executed by the Department on October 29, 2012. Accordingly, the 15-day requirement would have ended on November 13, 2012. Executive Order No. 52 was issued on *557 October 31, 2012, 13 days before expiration of the statutory time limit. Executive Order No. 81 directed expiration of the tolling measures of Executive Order No. 52 to, at the minimum, Sunday, November 25, 2012. The preliminary hearing was conducted on Monday, November 26, 2012. When a statutory period ends on a Saturday, Sunday or legal holiday, the statutory time limit is extended by operation of law to the following business day (see People ex rel. Atkinson v Warden of Rikers Is. Correctional Facility, 201 AD2d 271 [1994]; People ex rel. Frost v Meloni, 124 AD2d 1032 [1986]). Accordingly, since the preliminary hearing was held on the next business day after expiration of the executive order tolling the statutory time limit, there was no violation of petitioner’s right to a preliminary hearing pursuant to Executive Law § 259-i (3) (c) (i) and (iv).
For the reasons stated above, petitioner’s motion for vacatur of the parole warrant and restoration of the petitioner to parole supervision on the grounds that the Department of Corrections and Community Supervision failed to provide the petitioner with a preliminary hearing within the statutory time limits is therefore denied.