■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT GIST, JR., Appellant, v WARDEN, ERIC M. TAYLOR CENTER, et al., Respondents. [44 NYS3d 11]—

Judgment (denominated a decision), Supreme Court, Bronx County (Alvin Yearwood, J.), entered November 12, 2015, denying the petition for a writ of habeas corpus, and dismissing the proceeding, unanimously affirmed, without costs.

Executive Law § 259-i (3) (f) (i) provides that a final parole revocation hearing "shall be scheduled to be held within ninety days of the probable cause determination," unless a statutory exception applies. This provision was satisfied by the commencement of petitioner's final parole revocation hearing, as scheduled, on April 13, 2015, 88 days after probable cause was found, notwithstanding that the hearing was adjourned, after four parole officers had testified that day, to allow the New York State Department of Corrections and Community Supervision to call a fifth parole officer to provide further material testimony (see e.g. People ex rel. Chesner v Warden, Otis Bantum Correctional Ctr., 71 AD3d 499 [1st Dept 2010], lv denied 15 NY3d 703 [2010]; People ex rel. Morant v Warden, Rikers Is., 35 AD3d 208 [1st Dept 2006], lv denied 8 NY3d 809 [2007]).

In any event, even under petitioner's view that Executive Law § 259-i (3) (f) (i) requires the final hearing to be completed within 90 days of the probable cause determination, petitioner's counsel "consent[ed]" to the adjournments beyond the 90-day limit. Counsel's belated objection to the final adjournment was ineffective to negate counsel's previous participation in scheduling and agreeing to that date.

Petitioner's claim that he was deprived of due process is unavailing (see Morrissey v Brewer, 408 US 471, 488 [1972]). Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.